# MARCH, 1917

WALTER AVERY ET AL. V. DIANA JOHNSON ET AL.

No. 2469.    Decided March 7, 1917.

**1.—Will—Devise—Construction—Election.**

Where the testator owns a partial interest in land, it is only when the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will is to be construed as the disposition of more than his own interest, putting the co-owner of the land, as a devisee, to his election whether he will take under the will or assert his right as co-owner. (Pp. 301, 302.)

**2.—Same—Case Stated.**

A deceased wife having bequeathed her community interest in their 701.71 acres of land to her husband for life, with remainder to their five children, the husband, by will, subsequently devised to such children, along with certain personal property, "67 acres of land each out of the real estate owned by me at the time of the death of their mother, except my son W. A. to whom I bequeath 80 acres." Fifty acres of a particular tract of such land was, by a subsequent clause, bequeathed to others, an illegitimate daughter and son (a total of 398 acres) and the balance of his real estate to his second wife. Held:

1. That the will should be construed as a disposition only of the interest in such land owned by testator, and not the entire 701.71 acres of which the five children were with him co-owners of one-half under the will of their mother, and that they were not required to abandon the interest so owned by electing to take under the will. (Pp. 300-304.)

2. The fact that the number of acres so devised exceeded the 350.86 owned by the husband, and left no balance to pass to the second wife by his devise, could not prevail, as evidence of intention to dispose of the entire land, over the language of the devise which restricted its operation to land owned by the testator. (Pp. 304, 305.)

**3.—Will—General and Specific Devises.**

A devise of fifty acres of land out of a named tract, being specific, prevailed over general devises of enumerated acreage of lands owned by the testa-

tor; and where the total acreage devised exceeded the amount of his interest in the lands the specific devise should be allowed in full and the general ones proportionally abated to make it up.   (Pp. 304, 305.)

Error to the Court of Civil Appeals for the Fourth District in an appeal from Refugio County.

Diana Johnson and another sued Walter Avery and others to obtain construction of a will, and appealed from an adverse decision.   The judgment was reversed and rendered, and Avery and others, the appellees, obtained writ of error.

The property involved consisted of 701.71 acres of land, community property of testator and his first wife at the time of her death, in six different tracts, one in the Rios grant and five out of the Perry league, of which one, of 126.60 acres, derived title through Simpson and was mentioned in the will of testator as the "Simpson tract," out of which 50 acres was bequeathed to Annie Williams and her son, Eugene Tillman.

*C. F. & C. C. Carsner* and *Davidson & Bailey,* for plaintiffs in error.— The Court of Civil Appeals erred in holding that the language of the will was plain and unambiguous, and evinced the intent on the part of the testator to dispose of the whole of the community property of himself and his wife, Jane Avery, deceased.   Philleo v. Holliday, 24 Texas, 43; Crosson v. Dwyer, 9 Texas Civ. App., 489; Smith v. Butler, 85 Texas, 130; Carroll v. Carroll, 20 Texas, 743; Haley v. Gatewood, 74 Texas, 281; Autrey v. Stubenrauch, 133 S. W., 533; Sauvage v. Wauhop, 143 S. W., 264; Theall v. Theall, 7 La., 226, 26 Am. Dec., 502.

The Court of Civil Appeals erred in holding that plaintiffs in error were required to elect, and had elected to take under the will of William Avery, and were thereby estopped to claim the land devised to them by their mother, Jane Avery; because in order to create a case for an election, there must appear in the will a clear intention on the part of the testator to dispose of property over the disposition of which he has not, as against the party put to an election, the power of disposal; and under undisputed facts in this case the plaintiffs in error, under the provisions of the will of their mother, Jane Avery, deceased, were the owners by fee simple title of one-half of the 707.71 acres of land, and the testator, William Avery, was the owner of the other half, and the testator having, in the description of the land intended to be devised, used only general expressions, such as "the real estate owned by me" and "the balance of all my real estate," without a particular designation of the whole 701.71 acres, or a specific devise of more than his interest in any particular tract, the presumption of law is that he only intended to devise the interest belonging to him, and therefore, the plaintiffs in error were not put to an election and were not estopped.   Packard v. De Miranda, 156 S. W., 214, and authorities cited; Sauvage v. Wauhop, 143 S. W., 264; Carroll v. Carroll, 20 Texas, 743; Gardner on Wills, sec. 169, p. 598; Pomeroy, Eq. Juris., vol. 1, secs. 488, 489.

*Fowler & Fowler, Wayne Davis,* and *Proctor, Vandenberge, Crain & Mitchell,* for defendants in error.—There being no evidence before the court as to the intention of the testator, except the will under construction, and by the terms and tenor thereof, taken in connection with the agreed facts herein, viewed as a whole, it clearly and affirmatively appearing testator had in mind, intended to and did, devise the entire tract of 701.71 acres of land, 398 acres specifically, with the remainder to his wife, Lucy Avery, and as the testator only owned an undivided one-half interest therein, towit, 350.85 acres, and having specifically devised 398 acres thereof, with remainder to his wife, the conclusion that testator only disposed or attempted to dispose of his undivided one-half interest in said land, towit, 350.85 acres, is physically impossible and contrary to all of the evidence in the case. Skaggs v. Deskin, 66 S. W., 793; Rogers v. Trevathan, 67 Texas, 409; Smith v. Butler, 85 Texas, 130; Chace v. Gregg, 31 S. W., 77; Sparks v. Dorrell, 131 S. W., 765; Wells v. Petree, 39 Texas, 420; Pomeroy's Equity, par. 461.

As a devisee can not take under and by virtue of the terms of a will and at the same time claim and assert title adversely thereto, the court should have sustained the plaintiffs' plea in estoppel. The defendants, designated as the Jane Avery children, by their answer, agreed to take under and by virtue of the terms of the will of William Avery, deceased, and at such time also asserted an independent title to a portion of the property devised in said will to other parties. Paschal v. Acklin, 27 Texas, 196; Little v. Burdwell, 27 Texas, 691; Smith v. Butler, 85 Texas, 130; Philleo v. Holliday, 24 Texas, 45; Millican v. Millican, 24 Texas, 440; 1 Jarman on Wills, 385; Smith v. Smith, 80 Mass., 532; Smith v. Guild, 34 Me., 443; Hyde v. Baldwin, 34 Mass., 303; Cox v. Rogers, 77 Pa., 160; Am. & Eng. Ency. of Law (2d ed.), vol. 11, pp. 61, 68, 72 and 73.

It clearly and affirmatively appearing from the language of the will of William Avery, deceased, taken in connection with the agreed statement of facts, that testator intended to and did devise the whole of 701.71 acres of land in controversy, the defendants, designated as the Jane Avery children, owning an undivided one-half interest therein at such time, were compelled to elect to take under said will, or renounce the same, and claim their legal rights in such property, the said testator devising them other property in which they had no interest, and devising his wife, Lucy Avery, Annie Williams and Eugene Tillman a portion of said real estate; and said defendants having elected to take and accept under and by virtue of the terms of said will, they are bound by all its terms and provisions, and by the terms thereof Lucy Avery, deceased, through whom plaintiffs claim title, was devised 303.71 acres of such land. 11 Am. & Eng. Ency. of Law (2d ed.), pp. 61, 68, 72, 73; Pomeroy's Equity, secs. 461-5, 487, 488; Moore v. Baker, 51 Am. St. Rep., 205; Penn v. Guggenheimer, 76 Va., 839; Waggoner v. Waggoner, 68 S. E., 990; Wilson v. Arny, 21 N. C., 376; Gore v. Stevens, 1 Dana (Ky.), 201, 25 Am. Dec., 141; Moore v. Harper, 27

Va., 362; White v. Brocaw, 14 Ohio St., 339; Field v. Eaton, 16 N. C., 283; Isler v. Isler, 88 N. C., 581; Huhlien v. Huhlien (Ky.), 8 S. W., 260; McIlvain v. Porter (Ky.), 7 S. W., 309.

It clearly and affirmatively appearing from the language of the will in question that the testator intended to devise to his wife, Lucy Avery, through whom plaintiffs claim title, 303.71 acres of such land, and that the same was to be in lieu of her homestead rights in testator's land, as well as her interest in the community estate of herself and husband, William Avery, and it being uncontroverted that testator had a disposable interest to such extent therein, and that the said Lucy Avery has agreed and elected to take and accept the same as such, if it be true that testator only intended to devise his one-half interest in said property, nevertheless the court erred in not decreeing her a preference over the remaining devisees and legatees in said will, and in not holding that the said Lucy Avery was a purchaser for value of such interest in the said real estate, the remaining devisees and legatees therein taking by way of gifts and bounties only. 11 Am. & Eng. Ency. of Law, p. 115.

It appearing from the language of the will of William Avery, deceased, that he intended to devise his wife, Lucy Avery, 303.71 acres of land, and it being undisputed that he had a disposable interest in the 701.71 acres of land in controversy to such an extent, and there being no evidence before the court to the contrary, the court erred in not raising such an estate by implication and rendering judgment in accordance therewith. 'Am. & Eng. Ency. of Law (2d ed.), vol. 30, p. 698; Underhill on Wills, vol. 1, pp. 616 and 630; Hyatt v. Pugsley, 23 Barb. (N. Y.), 285; Marsh v. Hague, 1 Edw. Ch. (N. Y.), 174; Hunt v. Evans, 134 Ill., 496.

It clearly and affirmatively appearing from the language of the will of William Avery, deceased, taken in connection with the agreed statement of facts filed herein, that each and all of the devises and bequests made in said will are of a general or demonstrative nature, as contra-distinguished from specific devises, and that the testator intended to prorate and divide his property, both real and personal, in the proportion stated therein, and intended that his wife, Lucy Avery, now deceased, and through whom plaintiffs claim title, should have an undivided 303.71-701.71 interest in such real estate, and if it be true, as concluded by the court in the judgment rendered herein, testator only disposed of, or attempted to dispose of, his undivided one-half interest in the 701.71 acres of land in controversy, and not in its entirety, then the title to one-half of his estate having failed, and especially that part thereof devised to his said wife, Lucy Avery, the said defendants, as devisees, taking and accepting under the said will, should contribute pro rata to the disappointed devisee, towit, Lucy Avery, to carry out the intention of the testator. Lake v. Copeland, 82 Texas, 467; Gallagher v. Redmond, 64 Texas, 622; Sanger v. Butler, 101 S. W., 462; Metcalf v. Framingham, 128 Mass., 370.

It is immaterial whether the testator attempts to dispose of the donee's property in the belief that he has the right to do so, or, knowing the extent of his authority, intends to exceed it by an arbitrary exercise of power. The donee in either case is put to his election, for there is no certainty that the donor's intention to bestow the property would have been changed by the mere knowledge of the true state of the title, and the courts will not speculate upon the point. The doctrine of election is applicable whether the interests disposed of are present or future, vested or contingent, of value or not of value. In this respect there is no distinction between real and personal estate. The following authorities support the above: Pomeroy's Equity, secs. 461-5, 487, 488; Moore v. Baker, 51 Am. St. Rep., 205; Penn v. Guggenheimer, 76 Va., 839; Waggoner v. Waggoner, 68 S. E., 990; Wilson v. Arny, 21 N. C., 376; Gore v. Stevens, 25 Am. Dec., 141; Moore v. Harper, 27 Va., 362; White v. Brocaw, 14 Ohio St., 339; Field v. Eaton, 16 N. C., 283; Isler v. Isler, 88 N. C., 581; Huhlein v. Huhlein (Ky.), 8 S. W., 260; McIlvain v. Porter, 7 S. W., 309.

If it be true that testator only disposed or attempted to dispose of his undivided one-half interest in the 701.71 acres of land in controversy, 350.85 acres, then the title to a portion of the undivided interest, so devised to his daughter, Annie Williams, with the remainder to Eugene Tillman, having failed, the said defendants (designated herein as the Jane Avery children) as devisees, taking and accepting under testator's said will, should contribute pro rata to the disappointed devisees, Annie Williams and Eugene Tillman, to carry out the intention of testator as expressed in his said will. Lake v. Copeland, 82 Texas, 467; Gallagher v. Redmond, 64 Texas, 622; Sanger v. Butler, 101 S. W., 462; Metcalf v. Framingham, 128 Mass., 370.

In considering a will, or indeed any written instrument, it is always advisable to put one's self in the shoes of the maker and read the language of the will, or other instrument, through his spectacles, in order that one may accurately ascertain the testator's intention. Packard v. De Miranda, 146 S. W., 211; Lindsey v. Rose, 175 S. W., 829; Lynn v. Busby, 46 Texas, 603; Weller v. Weller, 22 Texas Civ. App., 247, 54 S. W., 652; Lenz v. Sens, 27 Texas Civ. App., 442, 66 S. W., 110.

The polar star of construction and the ultimate test of the true construction of every will, is the ascertainment of the intention of the testator. Winfree v. Winfree, 139 S. W., 36; Lake v. Copeland, 82 Texas, 468; Gallagher v. Redmond, 64 Texas, 626; Blanton v. Mayes, 58 Texas, 424; Howze v. Howze, 19 Texas, 554; Bell County v. Alexander, 22 Texas, 357; Campbell v. Shotwell, 51 Texas, 36.

This intention of the testator must be gleaned from a consideration of all the terms of the will; in other words, from the four corners of the will, and all provisions must, if possible, be harmonized and given effect. Cottrell v. Moreman, 136 S. W., 124; Winfree v. Winfree, 139 S. W., 36; Buckley v. Herder, 133 S. W., 703; Haring v. Shelton, 122 S. W., 13; Laval v. Staffel, 64 Texas, 374; Wisdom v. Wilson, 127

S. W., 1128; Hughes v. Mulanax, 105 Texas, 576; McMurry v. Stanley, 69 Texas, 230; Yeatman v. Haney, 79 Texas, 73; Faulk v. Dashiell, 62 Texas, 651; Vardeman v. Lawson, 17 Texas, 18.

The testator's géneral intent, as gleaned from the entire will, over-rules all mere grammatical and technical rules of construction. Cooper v. Horner, 62 Texas, 362; Hawes & Duncan v. Foote, 64 Texas, 22.

The intention of the testator, even though apparent from the will, can not be upheld except in so far as it is consistent with rules of law. In other words, the intention of the will must not be given literal, but *legal* effect. Haring v. Shelton, 122 S. W., 13; Buckley v. Herder, 133 S. W., 703; Laval v. Staffel, 64 Texas, 372; Freeman v. Maxwell (Mo.), 170 S. W., 1150.

The presumption is against the intention of a testator to dispose of property that is not owned by him; in other words, of such property as his deceased wife's community interest, and, therefore, when the language of the will is uncertain as to the testator's intention in such regard, the will will be construed simply to dispose of the testator's own estate. Gulf, C. & S. F. Ry. Co. v. Brandenburg, 167 S. W., 170; Moss v. Helsley, 60 Texas, 435; Crosson v. Dwyer, 30 S. W., 929; Sutton v. Harvey, 57 S. W., 879; Giboney v. Hutcheson, 50 S. W., 648; Clark v. Cattron, 56 S. W., 99.

Accordingly, when a testator devises property by mere generic and general description, such as "all my estate," "all my property," "all property owned by me," etc., his will is confined to his own property alone, and, therefore, to his one-half of any community estate. Cases illustrating this rule are: Autrey v. Stubenrauch, 133 S. W., 533; Swilley v. Phillips, 169 S. W., 1117; Carroll v. Carroll, 20 Texas, 732; Haley v. Gatewood, 74 Texas, 281; Sauvage v. Wauhop, 143 S. W., 260; Sutton v. Harvey, 57 S. W., 879, 58 S. W., 833; Philleo v. Holliday, 24 Texas, 38; Crosson v. Dwyer, 30 S. W., 929; Haby v. Fuos, 25 S. W., 1121; Moss v. Helsley, 60 Texas, 432; Giboney v. Hutcheson, 50 S. W., 648; Packard v. De Miranda, 146 S. W., 211; Gulf, C. & S. F. Ry. Co. v. Brandenburg, 167 S. W., 170.

When, however, the language of the will, definitive of its devolved subject matter, goes beyond such general description as "my property and estate" and embraces devises of specific property, or a specific acreage interest in real estate, or a specific number of units of indicated personality, then the intention is manifest of the testator's disposition of an entirety, and not only one-half, of the subject matter of said indicated devises or bequests. Cases illustrating this rule are: Payne v. Farley, 178 S. W., 793; Skaggs v. Deskin, 66 S. W., 793; Chace v. Gregg, 88 Texas, 552; Rogers v. Trevathan, 67 Texas, 406. Also, for cases recognizing this rule but denying its application, see: Giboney v. Hutcheson, 50 S. W., 648; Sutton v. Harvey, 57 S. W., 879, 58 S. W., 833; Smiley v. Phillips, 169 S. W., 1117.

The effect of the various devises of a certain number of acres, as expressed in this Avery will, is to convey to each devisee a fractional

undivided interest in *each acre* of land constituting the subject matter of the will, such fraction represented by the devised number of acres as a numerator and the aggregate number of acres, or body of land, out of which the devise is to be taken, as a denominator. Byrn v. Kleas, 39 S. W., 980; Nye v. Moody, 70 Texas, 434; Dohoney v. Womack, 19 S. W., 883; Slack v. Dawes, 22 S. W., 1053; Wofford v. McKinna, 23 Texas, 36.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was for the construction of the will of William Avery and for partition.

William Avery and Jane Avery, his wife, owned as community property 701.71 acres of land. They had five children, who survived both of them. Jane Avery died in 1904. By her will she devised her community one-half interest in the land to William Avery for life, and the fee simple title in the remainder to the five children of the marriage in equal portions. Her interest in the personal property of the community was bequeathed to William Avery absolutely. Her will was duly probated. In 1906, William Avery remarried, his second wife being Lucy Avery. There were no children of this marriage. William Avery died in 1909. His will was offered for probate, but its probate was contested by Lucy Avery, the surviving wife. It was admitted to probate in the County Court. Lucy Avery died pending the appeal to the District Court, but in the latter court it was likewise admitted to probate, by an agreed judgment.

The suit was between the heirs of Lucy Avery, Annie Williams, an illegitimate daughter of William Avery, and her son, Eugene Tillman, upon one side, and the children of William and Jane Avery, the first wife, upon the other.

The will of William Avery was made in 1908, about a year before his death. The controversy concerns alone the 701.71 acres of land, the community property of the first marriage. The provisions of William Avery's will relating to the land were as follows:

"(2)  It is my will that the children of my first wife, Jane Avery, now deceased, shall have 67 acres of land each out of the real estate owned by me at the time of the death of their mother, except my son Walter Avery, to whom I bequeath 80 acres.

"(3)  I bequeath to my present wife, Lucy Avery, the balance of all my real estate except 50 acres out of the Simpson tract, which said 50 acres I hereby give to my daughter, Annie Williams, to be held by her during her life time and then in fee simple to my grandson, Eugene Tillman."

The will further directed that the testator's live stock should be divided equally between his children and the surviving wife, with the exception of one of the children of the first marriage; and that his household and kitchen furniture, with all tools, farming implements,

wagons, etc., should be likewise so divided between his children and the surviving wife.

The case was tried upon an agreed statement of facts, in which the following recital appeared: "That each and all of the devisees mentioned in said will (the will of William Avery) have agreed to accept and take under and by virtue of the terms of the said will, the same now in all respects being in full force and effect as the last will and testament of the said William Avery, deceased."

The trial court construed the will as a disposition of only the interest in the 701.71 acres that was owned by William Avery, but held the devise to Annie Williams and Eugene Tillman subordinate to that made the children of the first marriage. The Court of Civil Appeals [148 S. W., 1156] held that the intent of the will was to dispose of the entire land. It also held that the children of the first marriage had elected to take under the will and hence were precluded from asserting their rights to the land derived under the will of Jane Avery, their mother. It rendered judgment for the heirs of Lucy Avery, Annie Williams and Eugene Tillman, the defendants in error, for such portions of the land as they would be entitled to under its construction of the will, remanding the case for the land to be so partitioned.

The children of the first marriage, the devisees named in the second paragraph of the will above quoted, were not required to elect whether they would take under the will, though its bequests to them of interests in personal property would confer upon them benefits to which they would not otherwise be entitled, if the will, properly construed, disposed of only the testator's interest in the land. The real question in the case, therefore, is that of the proper construction of the will.

Under the will of Jane Avery, the children of the first marriage owned at the time of the making of William Avery's will the title in fee to an undivided one-half interest in the land, that is, an undivided interest of 350.86 acres. By his will they were made the devisees of an undivided interest of 348 acres. Treating the will as a disposition of the entire land, they would together receive under it, in other words, less of the land than they actually owned in their own right. Four of them would each receive less than the individual interest so owned by them. Each of these four owned an undivided interest of 70.17 acres; whereas, under the will, as thus construed, they would receive an undivided interest of 67 acres.

Where a testator owns a partial interest in land and the disposal of the land is the subject of his will, it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will is to be construed as the disposition of more than his own interest, putting the co-owner of the land to his election whether he will take under it because of its conferring upon him, by other provisions, some benefit from the testator's estate which, but for the will, he would not receive. The law presumes that no man will attempt a testamentary disposition of the property of others. It

deprives no man of his property merely by conjecture. Therefore, for a will to be given the effect of an attempted disposition of property not owned by the testator, it is required that the language of the will conclusively evidence such a purpose. In such cases it is not sufficient that the will *may* be construed as revealing such an intention. It is necessary that it be open to no other construction. Carroll v. Carroll, 20 Texas, 732; Moss v. Helsley, 60 Texas, 426; Rogers v. Trevathan, 67 Texas, 406; Haley v. Gatewood, 74 Texas, 281, 12 S. W., 25; Smith v. Butler, 85 Texas, 126, 19 S. W., 1083; 2 Underhill on Wills, sec. 730; 1 Pomeroy's Eq. Jur., secs. 488-9; Penn v. Guggenheimer, 76 Va., 839; Havens v. Sackett, 15 N. Y., 365; Pratt v. Douglas, 38 N. J. Eq., 516; Miller v. Thurgood, 33 Beavan's Reports, 496.

In Rogers v. Trevathan it was announced by Judge Stayton that if in such a case the terms of the will are ambiguous, the testator is presumed to have intended to devise only his own interest.

In Underhill on Wills, supra, this is said upon the subject:

"If the testator's language is cloudy or doubtful or ambiguous in meaning, so that it *may* be consistent with the intention of the testator that the person who has an interest in the propery which he attempts to dispose of shall retain that interest and shall also hold what the will gives him, he will not be put to his election. . . . The intention of the testator that a devisee shall be put to an election must be either distinctly expressed in the will, or it must arise from the strongest and most necessary implication."

In Penn v. Guggenheimer, the rule is thus stated:

"In order, however, to raise a case of election, it is well settled: the intention on the part of the testator to give that which is not his own, must be clear and unmistakable. It must appear from language which is unequivocal, which leaves no room for doubt as to the testator's design. The necessity for an election can never arise from an uncertain or dubious interpretation of the clause of donation. Pomeroy, 472; 2 Storey, E. J., sec. 10. . . . Generally when the testator has an undivided interest in certain property, and he employs general words in disposing of it, as 'all my lands,' or 'all my estate,' no case of election arises from it; for it does not plainly appear that he meant to dispose of anything but what was strictly his own. 2 Storey, E. J., sec. 1087; Pomeroy, sec. 489."

In Havens v. Sackett, a leading case, it is thus announced:

"It must be clear beyond all reasonable doubt that he (the testator) has intentionally assumed to dispose of the property of the beneficiary who is required, on that account, to give up his own gift."

The rule is nowhere better stated than in 1 Pomeroy's Equity Jurisprudence, section 488:

"Where the testator has a partial interest in the property devised or bequeathed by his will, the necessity of an election is always much less apparent than where he purports to bestow property in which he has no interest whatever. In such cases it is a settled rule that courts will

lean as far as possible in favor of an interpretation which shows an intention of the testator to give only the interest, estate, or share which he is enabled, by virtue of his own right, to deal with. . . . It requires a *strong, unequivocal* expression or indication of an intent to bestow the *entire* property, and not simply his own interest in it, or to bestow the property free from its incumbrances and charges, in order to raise the necessity for an election."

In the same work at section 489 this is said:

"Wherever, therefore, the testator does not give the whole property *specifically,* but employs *general words* of description and donation, such as 'all my lands,' and the like, it is well settled that no case for an election arises, because there is an interest belonging to the testator to which the disposing language can apply, and the prima facie presumption as to his intent will control."

The devises of land made by the testator in the second paragraph of the will, it is distinctly therein stated, were out of the real estate "owned by him at the time of the death of Jane Avery." The devises made in the third paragraph likewise dealt only with such land as he owned. He owned only an undivided interest of 350.86 acres in the 701.71 acres. If effect be given to the express limitation of each of the devises to only such land as the testator owned, it is plain that the will can not be construed as an effort to dispose of land he did not own. For the will to be given such construction, unequivocal language must be found in it which effectually negatives this express limitation and makes it clear beyond any reasonable doubt that, notwithstanding the testator's use of these restrictive terms, his attempt was to dispose of the land which the children of the first marriage owned in their own right. The use of the term, "the balance of my real estate," in the devise made Lucy Avery in the third paragraph, is not inconsistent with the limitation, notwithstanding there would be no balance remaining after the satisfaction of the other devises. It only emphasizes a purpose on the part of the testator to deal with merely his own land, since it expressly says that the subject of the devise is the balance of "*my* real estate." There is a manifest difference between the balance of an interest which a man owns in land, and the balance of the land in which the interest is owned.

Nor can it be said that by the devise in the third paragraph of the 50 acres out of the Simpson tract to Annie Williams for life, with remainder to Eugene Tillman, there is evinced beyond doubt an intention on the testator's part to dispose of the land owned by his children. The 50 acres, it is expressly stated, are given out of "his" real estate.

With every devise in the will limited by express language to land which the testator owned, it is but pure conjecture to say of this will that it attempted to dispose of an interest of 350.86 acres of land belonging to others. The rule is plain that to warrant such a construction, there must be an attempted disposition under the will of the

*entire* land. The will reveals an attempted disposition of only 398 acres and an undefined balance, all limited by express terms to land owned by the testator. No amount of reasoning can construe this into an unequivocal disposition in terms of the entire 701.71 acres. But for the limitation placed upon the devises to the children of the first marriage and to Annie Williams and Eugene Tillman, restricting them to land belonging to the testator, it might be said that the will evidences a purpose to specifically dispose of 398 acres, which was 47.14 acres more than the testator owned. But this would not reveal a purpose to devise the entire 701.71 acres. The devise to Lucy Avery of "the balance of my real estate," can mean but one thing, that is, that she should receive the land belonging to the testator only the part remaining after the satisfaction of the other devises, whatever that might be, and depending entirely upon the extent to which the other devises exhausted the land which he owned. It therefore adds nothing as a specific appropriation of any part of the land. It thus appears that when this devise and the other devises are considered together, they yet fall short of a disposition, specifically, of all the land.

It is only by treating the testator's language as ambiguous and as evidencing a possible intention to dispose of his children's interest in the land as well as his own, that the will may be regarded as a disposition of the entire land. But even were it conceded that the language is ambiguous, the will can not be construed as a disposition of other than the testator's own interest in the land, since, in such a case, the testator is presumed to have intended to devise only his own interest. Rogers v. Trevathan, supra.

Since the testator did not undertake to give the whole property specifically, but limited each devise in the will to land which he owned, the case, in our opinion, falls clearly within the rule as stated in 1 Pomeroy's Equity Jurisprudence, section 489, above quoted, and the prima facie presumption that he intended to devise only that which he had a right to dispose of controls the question.

It will be found that those cases in which this court has held that the will evidenced an intention on the part of the testator to dispose of property in which he owned only an interest, dealt with testaments which specifically disposed of the entire property, either by express designation or particular appropriation. See Rogers v. Trevathan, supra; Smith v. Butler, 85 Texas, 126, 19 S. W., 1083; Chace v. Gregg, 88 Texas, 552, 32 S. W., 520, 31 S. W. (Civ. App.), 76. They but emphasize the correctness of the ruling here made. See also Skaggs v. Deskin, 66 S. W., 793; Packard v. De Miranda, 146 S. W., 211 (Civ. App.), and Swilley v. Phillips, 169 S. W., 1117 (Civ. App.).

The devise made in the third paragraph of the will of the 50 acres to Annie Williams for life, with remainder to her son, Eugene Tillman, is in the nature of a specific devise, since it designates the particular tract of land out of which the 50 acres are given. The devises in the second paragraph to the children of the first marriage are general

devises, and are subject to proportionate abatement if the half interest in the 701.71 acres of land owned by William Avery, which we hold was disposed of by the will, is insufficient to satisfy the specific devise of the 50 acres to Annie Williams and Eugene Tillman, and the general devises to such children, in full. Annie Williams and Eugene Tillman are accordingly entitled to have judgment rendered in their favor for an interest of 50 acres out of the Simpson tract of land, to be given Annie Williams for life, with the fee in remainder to Eugene Tillman. The devises under the second paragraph of the will, the children of the first marriage, are entitled to judgment for the remainder of William Avery's interest in the 701.71 acres, that is, an interest of 300.86 acres, to be divided between them in the proportions designated in the devise made them. The judgments of the Court of Civil Appeals and the District Court are accordingly reversed, and the cause is remanded to the District Court for the rendition of judgment in accordance with this opinion and the corresponding partition of the land.

*Reversed and remanded with instructions.*