

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 8, 1949

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-805

Re: Computation of inherit-
ance taxes at death of
surviving wife on prop-
erty received under de-
ceased husband's will
which failed to provide
for living children or
for posthumous child.

Dear Sir:

You have submitted the complete inheritance tax file for the estate of Hattie Rector Rutherford, and requested an opinion of the Attorney General on a question growing out of the following facts.

James T. Rutherford died in 1907, devising all of his property to his wife, Hattie Rector Rutherford. The inventory and appraisement of his estate, which is filed in the office of the county clerk of Deaf Smith County, Texas, discloses that James T. Rutherford had no separate property; therefore what purportedly passed under the will was his share of the community property. At the time of Mr. Rutherford's death there were three living children, and three months after his death a fourth child, now Mrs. Beulah Lee Rutherford Carter, was born.

Hattie Rector Rutherford died January 5, 1948, leaving a will by the terms of which she left her home and the lots and grounds used in connection therewith to her daughter, Beulah Lee Ruther-ford Carter, and by Paragraph III of said will the testatrix declared:

"I give, devise and bequeath all of the rest and residue of my estate, realty, personalty and mixed, and wherever located, as follows:

"A. To my son, James Rector Rutherford, an un-divided one-fourth (1/4) interest;

"B. To my daughter, Glenna Rutherford Perciful, and /sic/ undivided one-fourth (1/4) interest;

"C. To my daughter, Beulah Lee Rutherford Carter, and /sic/ undivided one-fourth (1/4) interest."

By Paragraph D the testatrix devised the remaining undivided one-fourth interest in trust for the benefit of her grandchildren.

Mr. Rutherford, as executor, and Mrs. Perciful, as executrix, have filed an affidavit for Inheritance Tax Appraisement which includes in the estate in full what now remains of their father's interest in the community farm and ranch lands which purportedly passed to their mother under his will. Mrs. Carter, as executrix, has filed an Affidavit for Inheritance Tax Appraisement which reflects a reduction from the estate of one-eighth of the farm and ranch lands; thereby proportionately reducing the shares which passed under the will. Mrs. Carter claims that she received a one-eighth interest in the lands at the time of her father's death by virtue of the following provisions of Article 5343, Texas Civil Statutes (Sayles', Vol. II; 1897):

"When a testator shall have children born and his wife enceinte, the posthumous child, if unprovided for by settlement and pretermitted by his last will and testament, shall succeed to the same portion of the father's estate as such child would have been entitled to if the father had died intestate, toward which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by such last will and testament."

The reasoning of the following cases dealing with either the above article or its companion articles (now carried as Articles 8292, 8393, V.C.S.) sustain her position: Pearce v. Pearce, 104 Tex. 73, 134 S.W. 210 (1911); Taylor v. Martin's Est., 117 Tex. 302, 3 S.W.2d 408 (1928); Sankey v. Skelly, 33 F.2d 856 (C.C.A. 9th, 1929); Burton v. Connecticut General Life Ins. Co., 72 S.W.2d 318 (Tex. Civ. App. 1934, error ref.); Chatham Phenix Nat. Bank & Trust Co. v. Hiatt, 78 S.W.2d 1105 (Tex. Civ. App. 1935, error ref.)

In 1931 the Legislature added a proviso to Article 8291, Vernon's Civil Statutes (formerly the same as Article 5343 above quoted) to the effect that it would not apply where the surviving wife is the mother of all testator's children in addition to being the principal beneficiary of his will to the entire exclusion of all his children. However, Mrs. Carter's rights were not affected by this

amendment, which, by well settled rules, must be deemed to operate prospectively.

Nor is Mrs. Carter put to an election by reason of her claim. The will disposes of "all the rest and residue of my estate." A presumption is always indulged that the testator did not intend to dispose of property which belongs to another person. 44 Tex. Jur. 823, Wills, Sec. 250. "Therefore, for a will to be given the effect of an attempted disposition of property not owned by the testator, it is required that the language of the will conclusively evidence such a purpose." Avery v. Johnson, 108 Tex. 294, 302, 192 S.W. 542, 544 (1917). McDonald v. Shaw, 92 Ark. 15, 121 S.W. 935 (1909), dealt with an almost identical fact situation. The court held that the claim of the pretermitted posthumous child asserted after her mother's death was not inconsistent with the terms of the mother's will which disposed of her property by the use of the general descriptive words "one-half of all of my estate."

You are therefore advised that the report filed by Mrs. Beulah Rutherford Carter reflects the proper basis for the determination of inheritance taxes. Our holding on this point is made on the basis of the facts before us and limited thereto. Additional facts might necessitate a different result; for example, Mrs. Carter's mother might have acquired title to the lands by limitation.

## SUMMARY

Where testator willed all property to surviving wife, pretermitted posthumous child may assert claim at mother's death; and said child's share does not pass under mother's will, providing facts fail to show title by limitation in mother. Where will devised property by use of general descriptive words - "1/4 interest" in "all the rest and residue of my estate" - child's claim would not be inconsistent with terms of will and no election would be required. 44 Tex. Jur. 823, Wills, Sec. 250. Therefore the value of the child's claim, unless lost by limitations, should not be included in valuing the mother's estate for inheritance tax purposes.

Yours very truly

APPROVED

ATTORNEY GENERAL OF TEXAS

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

By *[signature]*

Mrs. Marietta McGregor Creel
Assistant

MMC/mwb