622

CHURCH OF CHRIST AT LOTT

v.

WILDFONG et al.

No. 3155.

Court of Civil Appeals of Texas.

Waco.

Feb. 25, 1954.

Rehearing Denied March 18, 1954.

Prentice Oltorf, Marlin, for appellant.

Robert G. Carter, Marlin, for appellees.

HALE, Justice.

This is an appeal from a judgment rendered in a nonjury trial construing the will of J. B. Davis, deceased. The controlling question in the case is whether the testator intended by his will to dispose of the one-half interest of his wife, Effie May Davis, in their community property. The trial court held that such was not his intention but that he intended to give, and did give, to his wife one-half of his separate property and one-half of his interest in their community property. Appellant says the trial court erred in placing that construction on the will.

Paragraph 1 of the will under consideration directs that all debts of the testator be paid by the executor and paragraph 2 is as follows:

"I give, devise and bequeath unto my wife, Effie May Davis, in case she survives me, one-half of all the property real, personal, and mixed, which I own or may be entitled to at the time of my death, in fee simple, to manage, control and dispose of as she sees fit. In this connection, I will state that the greater part of the property which I own is community property of myself and wife, but I do have an interest in some property which I inherited from my mother, which is my separate property, and it is my desire that my wife be given one-half of all the property which will include her one-half of the community property, as well as a half interest in my separate property."

Paragraph 3 provides a specific cash legacy of $500 to a named family employee, and paragraph 4 provides for cash legacies

of $1,000 to each of four named sisters of the testator. Paragraph 5 is as follows:

"All the rest and residue of my estate remaining after the payment of my just debts, the bequests above mentioned, and the expense of the administration of said estate, I hereby give, devise and bequeath in fee simple to the Church of Christ at Lott, Texas, to be used for charitable purposes, as such church shall see fit."

Paragraphs 6, 7 and 8 provide for the appointment of an independent executor without bond, with powers of sale for the purpose of paying debts and properly dividing the estate among the beneficiaries therein named.

The foregoing will was executed in June of 1946. The testator died in April, 1951, and his surviving widow, Mrs. Effie May Davis, died intestate in December, 1951. The inventory and appraisement of the estate of J. B. Davis, deceased, filed in the Probate Court, showed that he owned 25 acres of land as his separate property at the time of his death of the value of $1,000, and that he and his wife owned 230 acres of land and certain personalty as their community property of the value of $18,216.

The executor of the will of J. B. Davis brought this action against appellant, the residuary legatee named in paragraph 5 of the will, and the administrator of the estate of Mrs. Effie Davis. The heirs at law of Mrs. Davis intervened in the cause. It was the contention of appellant in the court below and is its contention here that J. B. Davis intended by his will to dispose of his separate property and all the community property belonging to himself and his wife, that Mrs. Davis was thereby put to an election either to take under the will or to decline to accept any benefits thereunder and to claim only her one-half interest in the community property and that she elected to take under the will. We cannot agree with appellant's contentions for reasons to be noted briefly.

There is a presumption at law that no person will attempt to dispose of property by will other than that which he or she owns and a will should not be given a construction contrary to such legal presumption unless the language used therein is fairly susceptible of no other construction. 44 Tex.Jur. p. 867, Sec. 288; Avery v. Johnson, 108 Tex. 294, 192 S.W. 542; Sailer v. Furche, Tex.Com.App., 22 S.W.2d 1065; Pope v. Pope, Tex.Civ.App., 175 S.W.2d 289; Ford v. Bachman, Tex.Civ. App., 203 S.W.2d 630; Long v. Long, Tex. Civ.App., 252 S.W.2d 235, er. ref. n. r. e. In Avery v. Johnson, supra [108 Tex. 294, 192 S.W. 544], the Supreme Court said: "The law presumes that no man will attempt a testamentary disposition of the property of others. It deprives no man of his property merely by conjecture. Therefore, for a will to be given the effect of an attempted disposition of property not owned by the testator, it is required that the language of the will conclusively evidence such a purpose. In such cases it is not sufficient that the will may be construed as revealing such an intention. It is necessary that it be open to no other construction."

From the language used in the will of J. B. Davis, we do not think it can be ascertained with any degree of certainty whether the testator did or did not intend thereby to dispose of his wife's interest in their community property. The first sentence in paragraph 2 thereof indicates that such was not his intention while the second sentence in that paragraph may indicate that such was or might have been his desire or intent. However, he knew at the time he executed the will that he owned 25 acres of land in severalty as his separate property and that he and his wife owned jointly as their community property 230 acres of land and certain personalty. If it was his intention to give to his wife only one-half of the 25 acres which constituted his separate property, we see no reason why he did not say that in the first sentence contained in paragraph 2 of his will. Indeed, if such had been his intention, he

could have accomplished the same results by completely eliminating paragraph 2 from his will and placing his wife on a parity with the family servant named in paragraph 3 thereof so that she would receive a cash legacy of $500 from his estate. We do not think the language of the entire will conclusively evidenced such intention or purpose. On the contrary, we are of the opinion that the trial court could have properly inferred from the language used in the will as a whole and from the material facts and circumstances surrounding its execution that it was the intention of the testator thereby to give, devise and bequeath unto his wife one-half of all the property he might own at the time of his death, regardless of whether such property be owned by him in severalty as his separate property or jointly with his wife as their community property.

Therefore, each of appellant's points is overruled and the judgment appealed from is affirmed.