Joe Wesley DAVIS, Appellant,

v.

Jesse B. STURDIVANT et al., Appellees.

No. 15304.

Court of Civil Appeals of Texas.

Dallas.

Oct. 11, 1957.

Rehearing Denied Nov. 8, 1957.

Sidney E. Dawson, Dallas, for appellant.

Don C. Alexander, Dallas, for appellees.

YOUNG, Justice.

Suit by appellant in trial court was denominated as one to construe the will of his deceased wife, Nora Davis; the only claim, however, being that the property covered by the will was community, whereas defendant executor was claiming that the estate in question constituted separate property of the deceased. Upon a trial to the court, plaintiff's petition was dismissed and prayer to construe will denied, followed by this appeal.

It was alleged that Mrs. Davis died September 25, 1953. The will appointed defendant Sturdivant as independent executor without bond. After requiring payment of all just debts by the executor, paragraphs 2 and 5 provided that: "2. All the *ramein*-der of *ny* property be given to my husband —Joe Wesley Davis as follows: My ex*etor* is to pay and de*lived* to my said husband

when this will is probated the sum of $30.00 —Thirty Dolla*rd* on the first of each and every month thereafter—and no money—except in case of sickness or other serious accident—as decided by my executor—." "5. In case of the remarriage after my death then my said husband at this time is to receive from my estate the sum of not to exce*dd* the sum of $7.00 per month to pay his now exi*sit*ing insurance premium—." Paragraph 3 provided that after death of "my said husband" all property of "my estate", if any, should go to Donna Kay Beardon and Cythena Ann Beardon share and share alike, except the sum of $100 to Ervay Street Baptist Church, Dallas, Texas.

These individual beneficiaries contingent, both minors, were made parties and Don C. Alexander appointed by the Court to represent them as guardian ad litem. The Church trustees were parties defendant but filed no answer, nor did the executor, Jesse B. Sturdivant. Inventory and appraisement of the estate, attached to petition as Exhibit C, disclosed that same consisted only of personal property itemized as follows:

```
"Cash in bank South Dallas Bank        $2454.70
 Cash in Savings Account, National City    453.59
 47 Plymouth Car                           300.00
 Household & Kitchen furniture             200.00"
```

The court's judgment recites that upon the trial plaintiff appeared in person "but without counsel"; also finding that "Plaintiff's counsel questioned plaintiff under oath in direct examination. In substance plaintiff testified he was married to deceased for several years, he knew deceased had a bank account, he knew she was dead." The judgment then concluded that the case of plaintiff be dismissed, etc.; guardian ad litem allowed $50 as reasonable attorney's fee to be taxed against plaintiff and paid at rate of $7 per month "from P's interest in estate."

The testimony on the trial does not appear to have been officially reported, though Art. 2324, Vernon's Ann.Civ.St., requires in District Court cases the attendance of a statutory Court Reporter. However, attached to motion for new trial are Exhibits A and B, being affidavits of plaintiff Davis and Sidney E. Dawson, his attorney, concerning material facts allegedly disclosed at the trial. In substance, plaintiff stated that his testimony had been as follows: That he married Nora Davis in 1919, having about $3; his wife no money or bank account; that he earned money during marriage, making a good living until two or three years before Nora's death, living with her "most of the time up until the time that she died." That Sturdivant, executor, had testified to the following: At death, Nora Davis had on hand in Dallas banks the sum of $2,969.17 which was on deposit in her own name and not that of her husband Joe Wesley Davis. The affidavit of Counsel Dawson was to similar effect and further that at time of trial the guardian ad litem did not dispute the fact that the monies on hand of deceased Nora Davis were acquired during marriage with plaintiff; taking the position "that since Nora Divis, deceased, had money in the bank in her name, it was her separate property and that plaintiff had made an election also by taking money under the terms of the will, and that the plaintiff was precluded from recovering anything."

It is obvious from the record as a whole that the statement just quoted reflects fact issues raised on the trial. The various points of appellant are based on the foregoing affidavits which were not challenged; contending that the property left by Mrs. Davis constituted community property; terms of her will relating only to the one-half interest therein of deceased. In this connection it is certain that appellant was her surviving husband; plaintiff admitting in his pleading that he had been paid the amount stated in the will of $30 per month for a period of 24 months, or $720.

■ No reply brief has been filed on behalf of appellees and in consequence we may take cognizance of the facts embodied in appellant's points of error. Rule 419, Texas Rules of Civil Procedure. "Where

appellants complained by proper points of order overruling their plea of privilege to be sued in another county, and their brief contained statements pertaining to the support of such points, which were unchallenged by appellees, who did not file a brief, appellate court would accept such statements as correct, without resort to the statement of facts or the record." Van Pelt v. McCabe, Tex.Civ.App., 236 S.W.2d 685, syl.

 Appellant's claim of community property is not foreclosed by provisions of Art. 4622, V.A.C.S., reading: "Funds on deposit in any bank or banking institution, whether in the name of the husband or wife, shall be presumed to be the separate property of the party in whose name they stand, regardless of who made the deposit, and unless said bank or banking institution is notified to the contrary, it shall be governed accordingly in honoring checks and orders against such account." This is so because, (1) above Article does not supplant the presumption explicit in Art. 4619, V.A.C.S., that property acquired during marriage is community property. Callaway v. Clark, Tex.Civ.App., 200 S.W.2d 447, writ ref. (2) The statutory presumption of separate property established by Art. 4622 does not apply where the contest is between the spouses themselves or their successors. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900.

Nor is the fact of an election to take under the will here apparent as a matter of law. On the other hand, even under the present state of this record, the following principles would appear as controlling: " * * * it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will is to be construed as the disposition of more than his own interest, putting the co-owner of the land to his election whether he will take under it * * *." Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, 544. "To give will effect of attempted disposition of property not owned by testator, language of will

must conclusively evidence such purpose and be open to no other construction. Ordinarily, testator's use of such expressions as 'my property' and 'my estate' in will negatives his intention to dispose of property not his own, in absence of other provisions clearly and unequivocally expressing testator's intention to dispose of property other than his own." Long v. Long, Tex.Civ.App., 252 S.W.2d 235, syls. 5 and 6.

The trial court erred in dismissing petition of plaintiff and this cause is accordingly reversed and remanded for trial on the merits of his claim.

Reversed and remanded.