**Alvin BUSCHMAN, Appellant,**

**v.**

**Glenda Sue BRYANT et al., Appellees.**

**No. 4039.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 25, 1966.

Rehearing Denied April 1, 1966.

Lemon, Close & Atkinson, Perryton, for appellant.

Allen, Allen & Reavis, Perryton, for appellee.

COLLINGS, Justice.

This suit was brought by Glenda Sue Bryant, her husband and others, against Ralph C. Dix, executor of the estate of Anna Rogers, deceased, Alvin Buschman and wife and others. Plaintiffs alleged that John W. Rogers and wife, Anna Rogers, are both deceased; that during their lifetime they accumulated various properties in Ochiltree County, including a large tract of land in the Wilmouth Survey; that John W. Rogers died testate on or about April 3, 1955, survived by his wife. Plaintiffs assert that at the time of John W. Rogers' death he owned his community one-half interest in approximately 2210 acres of land in the Wilmouth Survey; and that under Rogers' will plaintiffs were devised 1280 acres of land owned by John W. Rogers and wife. Plaintiffs further alleged and the record shows that after the death of John W. Rogers, his wife filed his will for probate and qualified as executrix of her husband's estate. Thereafter Mrs. Anna Rogers died leaving a will under which the defendants are devises.

This suit sought a declaration of the plaintiffs' rights under the will of the said John W. Rogers. Plaintiffs alleged two alternative theories. First, that the will of John W. Rogers placed his widow and life tenant to an election to either take under the will or reject the will, and that Mrs. Anna Rogers took under the will; that therefore plaintiffs took an undivided 1280

acres out of the 2210 acres in the Wilmouth Survey. In the alternative, plaintiffs urged that if the wife were not required to elect that the devise was effective as to 1105 acres, that being the community one-half of the testator John W. Rogers, and that plaintiffs therefore took 1105 acres undivided out of the 2210 acres owned by Rogers and wife at the time of his death.

The court held, in effect, that the will did not put Mrs. Rogers to an election; that it awarded plaintiffs 1105 acres undivided out of the 2210 acres in the Wilmouth Survey. The court also allowed plaintiffs a recovery for $1,105.00 the reasonable value of the use of the surface of land held to belong to plaintiffs during the time defendant was in possession. Alvin Buschman has appealed.

As indicated by the record, the plaintiffs or appellees are the remaindermen under the will of John W. Rogers, deceased, wherein the said John W. Rogers created a life estate leaving certain land to his wife, Anna Rogers, for life, and the remainder to appellees. Appellant is a devisee under the will of Anna Rogers, also now deceased. The portion of the will of John W. Rogers material to the question here under consideration reads as follows:

"I give, devise and bequeath unto my beloved wife, Anna Rogers, for and during the term of her natural life the following property, to-wit:

Twelve hundred and Eighty (1,280) acres out of the Northwest (NW) corner of the Wilmouth Survey, Ochiltree County, Texas

the above tract of land to be taken out of the property which I own in the Wilmouth Survey of Ochiltree County, Texas, to be given to the said Anna Rogers for and during the term of her natural life, and at her death to Lewis Waggoner and Glenda Sue Waggoner, and their heirs forever in fee simple—"

As we understand from the briefs neither party contends on this appeal, although appellees did so contend in the trial court, that Mrs. Anna Rogers was required to make an election under the will. That question, however, is material to the related question here involved, that is, what land, or interest in land did John W. Rogers intend to devise by the language of his will.

In 97 C.J.S. Wills § 1264b, at page 66, it is stated that:

"The widow of a testator who has attempted to dispose of her interest in community property must elect between her interest in such property and provisions made for her by the will; but where the testator intended to dispose of his own property only, or of his interest in the community property only, the widow is not required to make an election."

Also see Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92. The presumption is that a testator intends to dispose of only the property belonging to him, and unless the will is subject to no other construction, it will not be construed to dispose of the widow's interest. It is further indicated that any ambiguity in a will should be resolved in favor of such presumption. In Schelb v. Sparenburg, 133 Tex. 17, 124 S.W.2d 322, at page 326, Justice Critz, speaking for the Supreme Court, stated as follows:

" * * * if this will should be construed to be ambiguous on the question as to whether the testator intended to bequeath the entire community estate, or merely the interest he owned therein, then the law furnishes a solution by requiring that it be given the construction that only the property owned by the testator was intended to pass thereunder. Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569. In the Rogers case, supra, this Court, speaking through Judge Stayton, said [page 570]: 'Having only an undivided interest in the land, were the terms of the will ambiguous, the testator would be presumed to have intended to devise only his interest in the entire tract, * * *.' "

In Davis v. East Texas Savings & Loan Association, 163 Tex. 361, 354 S.W.2d 926, Chief Justice Calvert, speaking for our Supreme Court, stated:

"The law presumes that a testator intends to dispose of only his own property, and a testamentary instrument will not be construed to dispose of property not owned by the testator unless that result is indicated by clear and unequivocal language which leaves the will 'open to no other construction.'"

In the instant case, John W. Rogers owned only a community interest in the 2210 acres in the Wilmouth Survey. In the preamble to his will, he expressed a desire "to make disposition of my property—". Although the will indicated a devise of 1280 acres of said land to his wife for life with remainder to appellees, the testator specified that the devised land was "to be taken out of the property which I own in the Wilmouth survey." The use of the quoted words in the will indicate an intention to dispose of only what the testator owned. The stated intention to dispose of "property which I own" is under this record controlling and the court properly held that no election was required by the widow. The language of the will as a whole does not show by clear and unequivocal language an intention to dispose of any part of Mrs. Anna Rogers' one-half interest in the community. If there is any ambiguity in the will concerning the extent of the devise, it must be resolved in favor of the presumption that John W. Rogers intended to dispose of only the property belonging to him, that is, his community interest in the land. In Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, 544, it is held in effect that it is not sufficient that the will may be construed as showing an intention to require an election, but it is necessary that the language of the will be open to no other construction.

The contention in appellant's first point is that the will of John W. Rogers does not reflect an intent to dispose of more than his one-half community interest in a 1280 acre tract of land, and that the trial court should therefore have limited appellees' recovery to 640 net acres. We cannot agree with this contention. The material question is: what land or interest in land did the testator intend to devise as shown by the language of the will and if the will is ambiguous by also considering the facts and circumstances involved. The will did not purport to devise 640 acres to Mrs. Rogers for life, with remainder to appellees. The purported devise was 1280 acres which was more than the testator's interest in the land. As previously indicated it must be presumed that the testator did not intend to convey land which he did not own unless the language of the will is capable of no other construction. The record shows that at the time of making the will and at the time of his death John W. Rogers owned only a community interest in the 2210 acre tract of land. The language of the will purporting to convey 1280 acres out of the tract when the testator's community interest therein was only 1105 acres created an ambiguity. It is our opinion that the legal presumption concerning the determination of the intention of a testator in such cases and the facts and circumstances shown by this record support the implied finding and judgment that under the will the community one-half interest held by John W. Rogers at the time of his death passed to plaintiffs as remaindermen upon the death of Anna Rogers. Long v. Long, Tex.Civ.App., 252 S.W.2d 235 and cases cited therein.

The facts in the case of Ford v. Bachman, Tex.Civ.App., 203 S.W.2d 630, (ref. n. r. e.) are strikingly similar to those in the instant case. In that case the testator bought a 3450 acre ranch which it is undisputed was the community property of the testator and his wife. He then executed a codicil to his will devising such ranch by name, acreage and legal description to his wife for life, with remainder to his grandsons by a former marriage. Justice

Murray, speaking for the San Antonio Court of Civil Appeals, stated as follows:

> "These surrounding circumstances carry some persuasion that testator may have intended that his grandsons, appellants here, should have the entire 3450 acres in Uvalde County after the death of his second wife, but they are not sufficient to overcome the presumption that a person will not undertake the testamentary disposition of property which he does not own, nor that rule for the construction of wills to the effect that where a testator undertakes to devise or bequeath property of which he is only part owner, by a general description of such property, it will be presumed that he intended to dispose of only his undivided interest therein, unless the opposite intention is clearly and unequivocally expressed. Avery v. Johnson, 108 Tex. 294, 192 S. W. 542. Further, where such terms as 'my estate' are used rendering the general description of the property ambiguous, then it must be presumed that the testator intended to bequeath only his interest in such property. A will should not be given the construction that the testator intended to dispose of property not his own, unless no other construction is possible. Sailer v. Furche, Tex.Com.App., 22 S.W.2d 1065."

■ In appellant's second point it is contended that the court erred in entering judgment against him for rental for the use of the surface of the land held to belong to appellees. The rental period covered the time in which appellant had possession after the death of Anna Rogers. In our opinion this point is not well taken.

The judgment awarded appellees the community undivided one-half interest of John W. Rogers in the 2210 acre tract of land effective upon the death of the life tenant, Mrs. Anna Rogers. Mrs. Rogers died in August of 1964. Appellant had cattle on the land at the time under a lease from Mrs. Rogers. Appellant Buschman testified that he and the executor of the estate of Mrs. Rogers "continued under the lease we had with Mrs. Rogers." Appellant admitted that he has had possession of the land since Mrs. Rogers' death. When asked why he was paying rent on only 930 acres appellant answered as follows: "Because this other 1280 acres was in dispute. We were trying to negotiate some kind of deal with the Waggoners." The evidence and the implied findings of the court support the judgment entered awarding appellees $1,105.00 for the use of their land. Appellant's second point is overruled.

The judgment is affirmed.