### Mary D. Woolley et al. v. D. Sullivan & Co. et al.

#### No. 641. Decided April 11, 1898.

**1. Insolvent Estate—Exemption—Year's Support—Respective Interests of Widow and Children.**

Where the estate is insolvent the widow is entitled to one-half and the minor children to one-half of the allowance in lieu of exempt property provided by Revised Statutes, articles 2047, 2050, 2051, and 2055, as well as that for the year's support given by articles 2025, 2055. (Pp. 35, 36.)

**2. Same—Not Affected by Will.**

The right of the minor children to such allowance was the creature of the statute, and not affected by a devise of all his property to the widow by will of the decedent. (P. 36.)

**3. Same—Widow—Independent Executrix—Foreclosure—Res Judicata.**

A suit by the holders of notes of the decedent secured by deed of trust, against his widow, independent executrix, for the sale of the mortgaged property for payment of their claims, put in issue her right to subject such application of its proceeds to her allowance for support and exemptions, and a decree for foreclosure, sale, and application of the proceeds to the mortgage debt determined that no such right to an allowance existed, whether her claim for allowance was presented and urged or not. (Pp. 36, 37.)

**4. Allowance to Minors—Not Bound by Foreclosure Against the Mother.**

Though the statute provides for the payment to their mother of allowance in favor of minor children, they are necessary parties to a proceeding to determine their right thereto. A judgment of foreclosure against the mother, independent executrix of the father's will, though she asserted in that suit, ineffectually, the right of herself and minor children to an allowance, will not prevent an independent proceeding by the latter to secure their allowance out of the mortgaged property. (Pp. 37, 38.)

**5. Same—Pleading.**

A petition by such minors asking that the judgment of foreclosure be set aside and their allowance awarded is sufficient to enable the court to make them the allowance, though they are not entitled to have the foreclosure set aside. (P. 38.)

**6. Judgment—New Trial—Default of Attorney.**

Failure of an attorney who has filed answer and promised to defend a case, to appear at trial and present defense, is no ground for setting aside the judgment after the close of the term. (P. 37.)

##### ON MOTION FOR REHEARING.

**7. Judgment—Void or Voidable.**

A judgment recited that M. D. W., who was sued personally and as an independent executrix, had been duly cited and had answered. A petition seeking to set it aside, showing that M. D. W. had answered personally but not as executrix, but failing to negative the recital in the judgment that she had been cited as executrix, did not show the judgment to be void, and M. D. W. could not attack it in her individual capacity because it was merely voidable as to her as executrix. (P. 38.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Mary D. Woolley et al. sued D. Sullivan & Co. et al. in the District Court.   Exceptions by the defendants to the petition were sustained and the case dismissed.   Plaintiffs appealed, and on affirmance by the Court of Civil Appeals obtained writ of error.   Plaintiff in error Mary D. Woolley and defendants in error D. Sullivan & Co. et al. filed motions for rehearing in the Supreme Court, which were overruled in accordance with the opinion thereon filed June 23, 1898.   The grounds for rehearing presented by defendants in error D. Sullivan & Co. were as follows:

First.—The court erred in holding that the allowances to the widow and the children of a decedent are creatures of the statute and are wholly independent of the will of the testator.

Second.—The court erred in holding that the children were entitled to one half of the allowances for support and in lieu of exempt property, and that their right to the same was not affected by the will of Richard Woolley devising all of his property to Mary D. Woolley, his widow.

The motion of Mary D. Woolley for rehearing was upon the following grounds:

First.—After Mary D. Woolley had answered in the former case there could be no judgment against her until the executrix was properly before the court or until plaintiffs had dismissed as to the executrix.   If the executrix had not answered in that case before the rendition of that judgment, such judgment is void or at least erroneous and voidable as well against this individual defendant as against the executrix.

Second.—The trial court could not have indulged the presumption, nor can this court assume, that the executrix filed an answer in the original case, the decree in the original case as shown by the petition not reciting that Mary D. Woolley answered therein as executrix.

Third.—Is it not alleged in the petition that the executrix did not answer in the said original cause?   It is alleged that Mary D. Woolley was the executrix, that she was a defendant in the original suit both individually and as executrix, that she employed Miller, who filed therein an answer which is set out in haec verba, that Miller took no further steps in the said cause, and that she did nothing further.

Fourth.—There being no special exception to the failure of the petitioner's allegations to negative the recital in the judgment which is sought to be set aside, a failure to make such allegation will not authorize judgment for defendants under a general demurrer.

*George R. Hines* and *Carlos Bee*, for plaintiffs in error.—Equity will grant a party to a judgment a new trial where the failure to have his case properly presented resulted from the accidental nonappearance of his counsel, and it may be shown under an allegation of nonappearance that it was impossible for counsel to have appeared.   Harn v. Phelps, 65 Texas, 592; Merrill v. Roberts, 78 Texas, 30; Ratto v. Levy, 63 Texas, 280; Railway v. Click, 32 S. W. Rep., 226; Railway v. Bryan, 28 S. W. Rep., 98.

The court erred in sustaining defendants' first special exception to plaintiffs' petition, for the reason that the answer filed in the suit of Sullivan & Co. v. Woolley, executrix, was the answer of Mary D. Woolley, and was not the answer of Mary D. Woolley as executrix, and the plaintiffs in that case were not entitled to any judgment against the executrix until twelve months after the probate of the will, that time not having elapsed at the time the judgment was taken. Rev. Stats., art. 1996; Hall v. Pearman, 20 Texas, 171; Gayle v. Ennis, 1 Texas, 187; Rountree v. Stone, 81 Texas, 300; Jones v. Alabama, 14 So. Rep., 115; Rich v. Sowles, 15 Law. Rep. Ann., 850, and cases cited; Litchfield v. Flint, 104 N. Y., 543; 17 Am. and Eng. Enc. of Law, 495; Brewer v. West, 2 Texas, 376; Patterson v. Goodrich, 3 Texas, 331; Roddy v. Kingsbury, 5 Texas, 151.

The claim of Mary D. Woolley for allowances not having been presented to or passed upon by the court, and it not being necessary to the termination of the case of Sullivan v. Woolley, executrix, a plea of res adjudicata can not be sustained. 21 Am. and Eng. Enc. of Law, Res Judicata, 129, 203, 224; Easton v. Bratton, 13 Texas, 30; Pishaway v. Runnels, 71 Texas, 354; Anderson v. Rogge, 28 S. W. Rep., 107; Steam Packet v. Sickles, 72 U. S., 580; Teal v. Terrell, 48 Texas, 508; Philipowski v. Spencer, 63 Texas, 607; Rackley v. Fowlkes, 36 S. W. Rep., 78; Girardin v. Dean, 49 Texas, 247; Faires v. McLellan, 24 S. W. Rep., 365; James v. James, 81 Texas, 380; Freeman v. McAninch, 27 S. W. Rep., 97; Cook v. Burnley, 45 Texas, 115; Glass v. Smith, 66 Texas, 550; Railway v. Rawlins, 80 Texas, 581; Witt v. Kaufman, 25 Texas Sup., 386; Dunlap v. Southerlin, 63 Texas, 42.

In a suit by creditors to foreclose liens upon the property of an estate, the heirs are necessary parties where the widow, who is also an independent executrix, has renounced as devisee under the will and is seeking the establishment of claims in her own favor against the estate. Barrett v. Barrett, 31 Texas, 346; Cochran v. Thompson, 18 Texas, 656; Preston v. Carter, 80 Texas, 391, and cases cited.

*Ogden & Terrell*, for defendants in error.—Mary D. Woolley having been sued as independent executrix of Richard Woolley's estate as well as individually, her appearance in the said cause by an answer in which she prayed for affirmative action as executrix, was an appearance in said capacity as well as individually. Rev. Stats., art. 1996; Lemmel v. Pauska, 54 Texas, 505.

An application by the surviving widow for allowances for herself and her children is an application for the children as well as for the widow, and is binding upon them. Rev. Stats., art. 2049, sec. 1, art. 2051, sec. 3; Davis v. Gower, 85 Me., 167; Burt v. Box, 36 Texas, 114; 2 Am. and Eng. Enc. of Law (new ed.), 158.

To obtain a new trial after the close of the term at which judgment is rendered, it must appear that the judgment was not caused by any negligence of the person seeking to set it aside, but that diligence was

used to prevent it, and that such person had a good defense to the action which he was prevented from making by fraud, accident, or by some act of the opposing party, wholly unmixed with any fraud or negligence of his own, and an allegation that an attorney who had been regularly employed to represent the litigant and who had filed an answer in her behalf, "failed to appear and represent her upon the trial of the case," shows no reason why the judgment should be set aside. Brownson v. Reynolds, 77 Texas, 254; Johnson v. Templeton, 60 Texas, 238; Nichols v. Dibrell, 61 Texas, 539; Harn v. Phelps, 65 Texas, 592; Merrill v. Roberts, 78 Texas, 28.

The judgment and decree of a court of competent jurisdiction is not only final and conclusive as to the matters determined thereby but also upon all matters properly involved in the issue passed upon by the court, and all matters put in litigation in the previous suit which could have been adjudicated therein are concluded by it, unless the record affirmatively shows that said matters were not adjudicated, and were left undetermined. James v. James, 81 Texas, 381; Philipowski v. Spencer, 63 Texas, 604; Teal v. Terrell, 48 Texas, 508; Hatch v. Garza, 22 Texas, 187; Foster v. Wells, 4 Texas, 103; Hoefling v. Dobbin, 40 S. W. Rep., 58.

DENMAN, ASSOCIATE JUSTICE.—This suit was brought April 1, 1897, in District Court of Bexar County, Texas, by Mary D. Woolley joined by the minor children of herself and Richard Woolley, deceased, against D. Sullivan & Co. and H. Brendel, the petition alleging substantially as follows: (1) That Richard Woolley died January 7, 1896, leaving a will which was duly probated in Bexar County the same year, whereby Mary D. Woolley was named as executrix, and wherein it was directed that no other action be taken on his estate than the probating of the will and filing an inventory, and that the executrix should not be required to give bond; (2) that on the 10th day of October, 1896, D. Sullivan & Co. filed a suit against Mary D. Woolley, executrix, et al., in said District Court, the petition being substantially as follows: "D. Sullivan and W. C. Sullivan, composing the firm of D. Sullivan & Co., complaining of Mary D. Woolley, H. Brendel, and S. M. Johnson, represent that Mary D. Woolley is the independent executrix of Richard Woolley, deceased; that Richard Woolley executed and delivered certain promissory notes of which D. Sullivan & Co. are owners and holders for amounts and dates as follows [here follows description of notes]; that by the execution and delivery of said notes Richard Woolley became liable and promised to pay plaintiff the amounts of said notes with interest thereon as therein specified; that Richard Woolley is dead; that he left a will wherein he appointed Mary D. Woolley independent executrix without bond, and that she had accepted the trust and qualified as independent executrix, and as such now has the property of the estate in her hands and under her control; that for the purpose of securing the first of said notes Richard Woolley executed and delivered to H. Brendel, trustee, a deed of trust wherein he conveyed to him in trust for the purpose

aforesaid the first four tracts of land in said deed, described as follows [here follows description of the land in Travis County not necessary to give]; that thereafter, on January 9, 1893, Richard Woolley, joined by Mary D. Woolley, his wife, for the purpose of securing the two last mentioned notes and as additional security for the first note, executed and delivered a deed of trust to S. M. Johnson, trustee, on certain property situated in Llano County, Texas [description omitted]; that the said Richard Woolley deposited as collateral security certain stocks and bonds therein set out; that all said notes are due and unpaid, and that Richard Woolley, Jr., in his lifetime failed and refused to pay same, and Mary D. Woolley, executrix, etc., fails and refuses to pay same; and praying that Mary D. Woolley be cited as executrix and in her individual capacity; that H. Brendel and S. M. Johnson be cited, and that plaintiffs have judgment against Mary D. Woolley as executrix for the amounts due on all of said notes with interest and attorneys fees and costs of suit, and also for judgment against her as such executrix and against Brendel and Johnson, nominal defendants, foreclosing any interest they may have in said land and property, and foreclosure of the liens given by the said trust deeds upon the said tracts of land, for foreclosure of their liens upon the stocks and bonds therein described, and that· the said lands be decreed to be sold for satisfaction and payment of their demand, and for general and special relief:" (3) that Mary D. Woolley signed said deed of trust conveying lands in Llano County, but did not join Richard Wooley in the deed of trust upon said lands in Travis County; (4) that Mary D. Woolley was served with citation to appear and defend said cause, and that W. A. H. Miller, an attorney, informed and promised her that he would represent her interests therein, and that thereafter on December 7, 1896, he did file a pleading therein of which the following is a copy: "(No. 3829) D. Sullivan & Co. v. Mary D. Wooley, Executrix, et al.—Suit pending in the Forty-fifth District Court of Bexar County, Texas.—Now comes Mary D. Wooley, executrix of the will and estate of Richard Wooley, dec'd., one of the defendants mentioned in the above styled and numbered cause, and answering in this behalf says, that there is pending in the probate (county) court of Bexar County, Texas, an application for one year's allowance in lieu of exempt property and of and for a homestead; that the estate is all incumbered; that she did not sign one of the trust deeds sought to be foreclosed by plaintiff; that she has no separate estate for homestead purposes; that she claims two hundred acres of the Hill league in Travis County for a homestead for herself and children, unless she is allowed five thousand dollars out of the proceeds of the sale of said Hill league. Defendant prays the court for an order or decree that any judgment rendered the above case may be certified to the probate court for observance, and that such judgment provide that the property described in plaintiffs' petition be ordered sold by defendant as executrix, and that she be authorized to retain out of the proceeds of such sale such allowance as may be made for herself and children in lieu of homestead ex-

empt property not owned by estate and for one year's support of herself and children. W. A. H. Miller, Atty. for Deft. Mary D. Wooley;" (5) that after filing said plea Miller took no further steps in said cause; that she and her son saw him repeatedly, both before and after the filing of said plea, and he told them that he would attend to the matter and take such steps as should be necessary to protect her interests, and that said Mary D. Woolley and the other parties plaintiff herein, relying upon the promise of the said Miller, did nothing further therein, believing nothing further necessary; that when the said cause was by the court called for trial Miller did not appear and represent her, and the court, disregarding her said plea for allowance for one year's support and in lieu of homestead on file therein, gave its judgment for the plaintiffs; (6) that such judgment was substantially as follows: "This cause this day, December 9, 1896, coming on to be heard, the plaintiffs appear in person and by counsel and announced ready for trial, and defendants Mary D. Wooley, H. Brendel, and S. M. Johnson came not. And it appearing to the court that each of said defendants had been duly cited in this case and that they had filed their answers herein, the court ordered the plaintiffs to proceed with the trial of the case, and no jury having been called for and matters of fact as of law being submitted to the court, the court after hearing the evidence finds that Mary D. Wooley, as independent executrix of Richard Wooley, deceased, is indebted to the plaintiffs D. Sullivan and Co., a firm composed of D. Sullivan and W. C. Sullivan, in the sum of $52,455.07, same being due upon three promissory notes signed by Richard Wooley, and offered in evidence in this cause; and also finds that the said notes were secured by trust deeds, and by collaterals filed with the said plaintiffs,"—reciting the execution and delivery of the deeds of trust, one on the lands in Travis County being signed by Richard Wooley, and the one on the lands in Llano County being signed by both Richard Wooley and by Mary D. Wooley, his wife, and giving the description of the properties conveyed by said trust deeds as is given in said petition, and itemizing the stocks and bonds deposited as collateral as described in said petition, reciting further that plaintiffs have and recover of Mary D. Wooley, as independent executrix of the estate of Richard Wooley, deceased, judgment for the said sum of $52,455.07, with 10 per cent interest thereon, and costs herein incurred, and that they have judgment against Mary D. Wooley, as executrix and individually, and against H. Brendel and S. M. Johnson, trustees in said deeds of trust, foreclosing the liens of the said deeds of trust, and also against Mary D. Wooley as executrix and in her individual capacity, foreclosing their lien upon the said collaterals, and that orders of sale issue upon all the same,—if said sale shall realize more than sufficient to pay the said notes, costs, etc., the balance to be paid to said Mary D. Wooley, but if the sale should not realize enough to pay said debt, then execution may issue against said Mary D. Wooley as executrix," etc.; (7) That Mary D. Woolley did not know of the

rendition of such judgment and was not apprised of the same until February 9, 1897, and that it was at that time too late to apply for a new trial therein during the term at which the judgment was rendered; (8) that Richard Woolley had no homestead, and the said Mary D. Woolley had not at the time of his death and has never had since a homestead out of her separate property, and that the estate of the said Richard Woolley is insolvent; (9) that the said Mary D. Woolley has received nothing from the estate of Richard Woolley under the will, and that she has renounced and does hereby renounce and relinquish any and all right of interest she may have by reason of the will, and declines to take as devisee thereunder, and has and does elect to take the allowances and exemptions given her by law, and the said minors by their next friend Mary D. Woolley also renounce and release any claims they may have under said will; that petitioners have none of them received anything for their support or maintenance for any time whatever, and that the district court is the only court having jurisdiction to make the allowance in lieu of homestead and for one year's support prayed for in the said answer or plea filed in said former suit and now prayed for herein, and they pray that your honor will take cognizance of the same in the exercise of the equity powers of this court; (10) petitioners further say that they believe that the court having failed to pass upon the plea filed in her behalf in said cause the decree therein is not final, and that they therefore have no remedy at law, and that a different result would be obtained upon a new trial hereof by allowing them to urge their claims for allowance of one year's support and allowance in lieu of homestead, wherefore premises considered petitioners pray for process, that upon hearing a new trial be granted in said original cause, and that the property in Travis County be ordered sold by the executrix, or that a receiver or commissioner be appointed to sell the same, and that out of the proceeds of the sale said Mary D. Woolley be authorized to retain, or such commissioner or receiver be ordered to pay to her, for the benefit of herself and other plaintiffs, the sum of six thousand dollars, being five thousand in lieu of homestead and one thousand for one year's support, and that the balance be applied to the payment of D. Sullivan & Company's debt, and for general and special relief." This petition was duly sworn to.

To the foregoing petition appellees, defendants below, interposed a general demurrer, and the following special exceptions: (1) It appears therefrom that the judgment hereinbefore rendered, and which by this proceeding is sought to be set aside, was rendered in open court and after the defendant Mary D. Woolley had duly answered therein; (2) it appears therefrom that plaintiffs were not prevented by any fraud, accident, or any act of these defendants from making their defense in the former suit, if any they had, and that if they failed to make such defense it was by their own fault and negligence, or the fault and negligence of their own chosen attorney; (3) that it is shown by said petition that no diligence was used by the plaintiffs herein or either of them to prevent the judgment that was heretofore rendered against them and which they now seek

to set aside. Upon the trial of the cause the general demurrer and special exceptions were sustained, and the plaintiffs declining to further plead, final judgment was rendered against them dismissing their suits, which judgment having been affirmed by the Court of Civil Appeals, plaintiffs below have brought the cause to this court upon writ of error, assigning as error the action of said courts in sustaining the demurrers.

It appears from the petition, (1) that the original suit on the notes and to foreclose the liens evidenced by the trust deeds was brought against Mary D. Woolley individually and as executrix of Richard Woolley; (2) that the judgment in that cause recites that each of the defendants had been duly cited and had filed their answers therein before the trial thereof; and (3) that judgment was rendered against Mary D. Woolley, individually and as executrix, foreclosing the lien and ordering the sale of the property and the application of the proceeds to the payment of the judgment. It is not alleged in the petition herein that either Mary D. Woolley or Mary D. Woolley as executrix did not file an answer in said original cause as recited in said judgment. It is true that the petition herein alleges that Mary D. Woolley employed Miller, and that he filed in said original cause the answer above set out which plaintiffs in error insist was the answer of Mary D. Woolley but not of Mary D. Woolley, executrix; but this may all be conceded, and still Mary D. Woolley as executrix may also have answered as recited in the judgment. Since, then, the petition herein, which is in the nature of a bill in equity for a new trial, does not negative the recital in the judgment attacked that the executrix answered, the trial court in passing upon the demurrer thereto must have indulged the presumption that such recital was true, and we must assume that Mary D. Woolley and Mary D. Woolley as executrix of Richard Woolley both filed their answers before the judgment was rendered.

This brings us to the question as to the force and effect of that judgment upon the rights of plaintiffs herein, Mary D. Woolley and her children by Richard Woolley. We will take no notice of its effects upon the rights of the executrix, as she has not joined in this suit to vacate same.

As a preliminary question we must determine whether the widow and minor children respectively have any certain interest in the allowances; for if they have not a serious question would be presented as to the effect of an attempted adjudication thereof without making them all parties. We are of opinion that the widow is entitled to one-half and the children to the other half thereof. Articles 2025 and 2055, Revised Statutes, expressly so provide as to the allowance for one year's support, and we think that is the effect and purpose of articles 2047, 2050, 2051, and 2055 as to the other allowances, the estate being insolvent. When it was provided in article 2055, referring to insolvent estates, that the title of the widow and children to the "allowances set apart or paid to them" should "be absolute," it must have been intended to make such titles absolute to the portions allotted to them respectively, i. e., one-half to each. We do not wish to be understood as intimating that this

would have been the proportion in which they would have taken title to exempt property if there had been any. Zwernemann v. Von. Rosenberg, 76 Texas, 522. Nor do we think the fact that Richard Woolley devised all his property to his wife Mary D. Woolley can affect the question. These allowances are creatures of the statute, based upon the wise policy of securing to the widow and children temporary support and reasonable means with which to begin anew the contest for subsistence, and are wholly independent of the will of the testator. If the parent can deprive the children of these allowances by devising his property to his wife, we see no good reason for holding that he can not do so by devising it to a stranger or in trust for the benefit of his creditors. This would thwart the very purpose and policy of the statutes. Zwernemann v. Von Rosenburg, 76 Texas, 522; Hall v. Fields, 81 Texas, 553; Rev. Stats., art. 2009; Runnels v. Runnels, 27 Texas, 516.

It is earnestly contended by Mary D. Woolley that if it be true, as alleged in the petition herein, that the court in said original cause "disregarded her said plea for allowance for one year's support and in lieu of homestead" in entering said judgment, then her right to such allowance was not adjudicated. If her contention that the failure to appear on the trial and present such plea was equivalent to a withdrawal of same be conceded to be correct, it does not follow that her right to an allowance was not any longer in issue in the case. The real and ultimate object of Sullivan & Co.'s suit was to procure as against all the defendants a sale of the property and the application of the proceeds in the first place to the payment of their claims. Their petition logically put in issue and controverted the existence of any right or claim in any of the defendants, including Mary D. Woolley, the legal effect of which would have been to defeat the accomplishment of such object; and the court in proceeding to the rendition of the judgment, based upon such petition and providing for the effectuation of such object, necessarily determined that no such right or claim existed. This is the principle upon which this court in Lee v. Kingsbury, 13 Texas, 68, held that a judgment against husband and wife foreclosing a mortgage on the homestead, and sale thereunder, precluded them in a subsequent suit for the property by the mortgagee and purchaser at such sale from setting up the defense that the property was their homestead prior to the judgment, notwithstanding the fact that the pleadings in the foreclosure proceedings did not refer to the question of homestead, the court saying: "So long as the judgment remains in force it is in itself evidence of the right of the plaintiff to the thing adjudged, and gives him a right to process to execute the judgment. 10 Pet., 449; 3 Texas, 447. It is not necessary to the conclusiveness of the former judgment that issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment. 1 Greenl. on Ev., sec. 534. The judgment, which the answer proposed to impeach, conclusively settled that the lot upon which it adjudicated a foreclosure of the mortgage was not within the home-

stead exemption at the time of its rendition." Therefore the judgment determined that Mary D. Woolley was not entitled to any allowance out of the proceeds of the sale of the property therein described in preference to the claims of D. Sullivan & Co. The Court of Civil Appeals correctly held that the failure of her attorney Miller to represent her on the trial would not warrant setting aside the judgment and awarding a new trial after the close of the term at which the judgment was rendered. Since the petition herein shows, (1) that Mary D. Woolley was entitled to an allowance; (2) that the court has erroneously, in said original cause, determined that Sullivan & Co.'s claims are entitled to be first paid out of the proceeds of sale of said property; and (3) that there is no sufficient cause alleged for setting aside said judgment, it follows that the trial court correctly sustained the demurrer as far as Mary D. Woolley was concerned. Railway v. Shieder, 88 Texas, 162.

We now come to consider the effect of said judgment of foreclosure upon the one-half interest of the minors in the allowances. The Court of Civil Appeals held that, the widow being entitled to receive the money for herself and her minor children, she had the right to sue for it, and having done so by filing said answer through her attorney Miller the judgment is binding upon the minors. The statutes do provide that the executor or administrator shall pay the allowances, when fixed, to the widow for the benefit of herself and children, thus intrusting to her the expenditure of the children's portion for their benefit; but we find nothing in the statute indicating an intent that they should not be necessary parties to any legal proceeding to fix or determine their rights thereto. On the contrary, article 2052 contemplates an application in writing by the *widow and children* for sale of property to raise the amount of the allowances. The statute provides that the *exempt property* shall be delivered to the widow where the children are hers, and if it be true that they are not necessary parties to a suit to fix or determine their rights to *allowances* in a case like this, it would seem to follow that they would not be necessary parties to a suit affecting the title to or lien on a homestead or other exempt property. The mere fact that the Legislature in order to avoid the expense of guardianship has seen fit to authorize the executor or administrator to deliver to her the exempt property and allowances, does not justify the holding that the rights of the minors therein or thereto can be adjudicated in any proceeding to which they are not parties. Even if the statute had provided that the title should vest in her for the benefit of herself and children, they would have been necessary parties under the rule laid down in Ebell v. Bursinger, 70 Texas, 121. Neither the language of the statute nor the nature of the subject matter suggest any sufficient reason for holding this an exception to the general rule. The fact that they are not bound by the judgment does not entitle them to have it set aside and a new trial awarded. They have the right to invoke the action of the district court in fixing and securing to them their allowances, in a proceeding wholly independent of the foreclosure suit. They simply have a claim to have their

allowances fixed and paid out of some of the property in preference to the judgment. We think their petition herein, which was not filed in the original cause, sufficient for that purpose. It sets up all the facts and asks that the judgment of foreclosure be set aside, but it also asks the court to fix and pay out of certain property their allowances. To this last relief they were entitled, and therefore there was error in sustaining the demurrers as to them. The judgment will be affirmed as to Mary D. Woolley, and reversed and the cause remanded as to the minor plaintiffs.

*Affirmed as to Mary D. Woolley.*
*Reversed and remanded as to minor plaintiffs.*

### ON MOTION FOR REHEARING.

DENMAN, ASSOCIATE JUSTICE.—If it be conceded that the judgment set out in our former opinion does not show that Mary D. Woolley answered as executrix, still it was not void as to her, for the presumption is that the court before rendering the same ascertained that it had acquired jurisdiction of her person by service of citation; and if the court erred in rendering it before the expiration of the year from the probate of the will (Revised Statutes, article 1996) such judgment certainly was not void, and since the executrix makes no complaint thereof we see no reason why Mary D. Woolley should be permitted to set it aside. If it were void Mary D. Woolley might claim, as she does, that there was no final disposition of the cause, and that therefore she is entitled to have the entire cause tried de novo, but the judgment being at most only voidable as to the executrix, and she not joining in this attempt to vacate same, Mary D. Woolley can only urge such objections thereto as are personal to her.

The motions of both parties will be overruled.

*Motions overruled*