WINN et ux. v. HOUSTON BUILDING & LOAN ASS'N.

No. 2601.

Court of Civil Appeals of Texas. El Paso.

Dec. 31, 1931.

Rehearing Denied Jan. 28, 1932.

W. O. Dailey and L. H. Kenner, both of Houston, for appellants.

Elledge & Elledge, C. M. Hightower, and Vinson, Elkins, Sweeton & Weems, all of Houston, for appellee.

WALTHALL, J.

This appeal is to review a judgment of the 113th district court of Harris county, Tex., rendered after a full hearing on a motion in the nature of bill of review filed by defendants, appellants here, to set aside a default judgment in a statutory trespass to try title suit brought by appellee against appellants.

In the trespass to try title, appellants answered by general demurrer and general denial. At a regular term of court, appellants not appearing, other than by said answer, a default judgment was entered in favor of appellee and against appellants for the title and possession of the property described in the petition.

Thereafter a writ of restitution was duly issued and delivered to the sheriff of Harris county, and same was duly executed.

Subsequently appellants filed this proceeding, being their original and amended motions for a new trial in the nature of a bill of review asking that said default judgment be set aside for reasons stated, and further stating, "that they have a meritorious defense to plaintiff's action, all of which appears hereinafter in this pleading." The facts stated as grounds for setting aside said default judgment and the facts stated as their defense to

appellee's cause of action will be more fully stated in discussing the propositions.

A hearing was had on appellant's motion for new trial and bill of review, and judgment entered denying same, from which appellants prosecute this appeal.

### Opinion.

Appellants submit that the filing of their answer was such an appearance as to prevent the default judgment complained of. This question becomes immaterial in view of the opinion we have upon the sufficiency of the pleadings and evidence in the bill of review.

That brings us to the merits of the bill of review.

Appellants' proposition is to the effect that where the defendants (appellants here) show that the trustee's (appellee's) sale was executed after payment and acceptance of an installment of the indebtedness secured, and a judgment by default is taken in trespass to try title, based upon such sale, through no fault of the defendants, who had a meritorious defense, and who had been diligent in attempting to perfect their defense, the default judgment should be set aside and a new trial awarded.

The facts alleged do not deny title to the property to be in appellee, nor allege title in appellants. Appellee submits, in several counter propositions, that the undisputed facts shown are not sufficient to justify the setting aside the default judgment on the motion, and that the bill of review is insufficient in the facts pleaded to show a meritorious defense.

The uncontroverted facts, not alleged but appearing in the evidence, show, as we understand it, in substance, that appellants were indebted to appellee in the sum of about $3,100, evidenced by a vendor's lien note or notes, with acceleration provision in the note or notes; the indebtedness secured by a deed of trust on the property in controversy. At the time of the filing of the original suit, appellants were delinquent for several months in payment in the total sum of some $345, for which demand was made. The record shows lengthy statement of conversations between appellants and the attorney for appellee, and a small payment of the amount delinquent, but an amount due remaining unpaid. The deed of trust was foreclosed for the full amount of the indebtedness, and appellee became the purchaser at the foreclosure sale, and received the trustee's deed. Later the original suit in trespass to try title was brought by appellee; thereupon the facts of the present case begin. When appellants were served with citation, they at once employed a firm of attorneys to represent them in the trespass to try title suit, and the employed attorneys filed the general demurrer and general denial above referred to. No other answer having been filed, and the appellants and their attorneys not being present, or offering to further answer when the case was called for trial on the nonjury docket, the default judgment was entered on July 9, 1930. On September 26, 1930, a writ of restitution was issued and executed October 13, 1930. On November 21, 1930, appellants filed their motion and bill of review to set aside the default judgment, and, on the following day, filed their amended original motion in the nature of and as a bill of review, upon which they went to trial in this proceeding. On December 6, 1930, the hearing commenced, and was continued from time to time until the 30th of December, 1930, when a decree was entered denying appellants' relief.

The proposition submits that it was through no fault of appellants that the default judgment was entered, and that they have a meritorious defense. The "no fault" of appellants is based on the fact that they employed the attorneys to represent them, advise them of the facts of the case, and that the attorneys agreed and undertook to properly represent them in the trespass to try title suit; that neither appellants nor their attorneys were notified of the trial or entering of the default judgment until the execution of the writ of restitution; and that, had they known of said trial a proper answer would have been filed, and their defenses presented; they admit their indebtedness as stated, payable in monthly installments, interest at 8.4 per cent. per annum, and secured by the deed of trust upon the property; they allege generally that the property was their homestead; that the note was usurious; that a mechanic's lien contract was not fully performed; and that the deed of trust is invalid and in violation of their homestead rights; they allege that on February 1, 1930, they, by a check, made payment of $80.50 on their indebtedness, and that appellees advised appellants that the contract then existing would be continued as formerly; that they relied thereon. The court heard the evidence on the facts alleged.

An application for a new trial, made at a term of court subsequent to that at which judgment was rendered, is in the nature of a bill in equity, and is not governed by the statutory provisions relating to new trials, and the grounds on which interference will be allowed are restricted. Johnson v. Templeton, 60 Tex. 238. Such motion may be looked to for the purpose of determining whether or not it is sufficient as a bill of review to set aside the default judgment. In considering such bill, it must appear that the former judgment was not caused by any negligence of appellants, but that diligence was used to prevent it; that appellants have a good defense to the action which they were prevented from making by the acts of appellees wholly unmixed with any fault of their own; that appellants have good cause to believe that a

different result will be obtained by a new trial; the pleadings and the result of the former suit in which the default judgment was obtained should be set forth so that the court on the hearing may know the issues there tendered, and be able to determine whether appellants had a defense to the action which appellants were prevented from making.

The failure of appellants' attorneys to file an answer tendering a defensive issue in the former suit is, in our opinion, no ground for setting aside the judgment. Woolley v. Sullivan, 92 Tex. 28, 45 S. W. 377, 46 S. W. 629.

It has often been held in this state that an independent bill for a new trial will not be sustained where the issues presented therein were not raised by the pleadings or necessarily involved in the original action.

Appellants allege they have a meritorious defense to appellee's trespass to try title suit. Their bill should be so framed as to tender a defense to appellee's suit, and so as to admit the proof. Appellants allege only such facts as in their judgment should set aside the default judgment; but they do not plead not guilty, nor do they allege such facts as would, if proved, defeat appellant's right to foreclose its deed of trust, or defeat its title under its foreclosure suit. They admit the indebtedness, but do not offer to pay. We think the bill should not only show grounds for setting aside the judgment, but also should show a meritorious defense to the suit. It is not sufficient to allege that one has such meritorious defense, but the pleading must state the defensive facts, and the answer should be so framed as to be adapted to the character of case as to admit the evidence on the facts alleged. That must be so for the reason that, in an equitable proceeding to set aside a judgment at law on a bill of review, the practice of having two trials, one to determine whether the judgment should be set aside, and another to try the original suit after the judgment rendered has been set aside, is not adapted to the Texas procedure, in which all the material facts must be submitted when the same is demanded, whether the suit involves matters of law or equity. Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679.

As said by the Galveston court in Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003, 1005, in which a writ was refused, "The universal practice [in a bill of review] is to require the plaintiff in such an action [to set aside a judgment voidable on the showing of the facts] to set up, not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original action and render such a judgment as will be an

effective substitute for the judgment set aside." The purpose of the rule is to enable the trial court hearing the bill of review to render a final judgment, and such as should have been rendered on the original trial.

We have concluded that the record shows no reversible error, and that the case should be affirmed, and it is so ordered.

HIGGINS, J. (concurring).

I concur in the affirmance, but not in all that is said in the main opinion.

The court filed no findings and conclusions. In this condition of the record, it must be assumed the court found all disputed issues of fact in favor of appellee. In my opinion the evidence is sufficient to support a finding that appellants had no meritorious defense to the action in trespass to try title.

For this reason I concur in the affirmance.