**WHALEY et al. v. QUILLIN.**

No. 14249.

Court of Civil Appeals of Texas.

Fort Worth, Texas.

June 6, 1941.

Rehearing Denied Sept. 12, 1941.

Benson & Benson, Donald & Donald, and Joe H. Cleveland, all of Bowie, for appellants Gould Whaley and J. S. Wood.

Hanover & Hanover, of Memphis, Tenn., for appellant Mrs. Florence Q. Bone.

Maxey & Freeman, of Sherman, for appellant Mrs. F. G. Jamison.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellant Cam C. Quillin.

Stine, Bunting & Stine, of Henrietta, and Thompson & Barwise, of Fort Worth, for appellee Mrs. Laura Quillin.

BROWN, Justice.

C. E. Quillin made the following will, which was duly admitted to probate in Montague County, the place of residence of the testator:

"That I, C. E. Quillin, of the County of Montague, State of Texas, being in good health, of sound mind and memory, and above the age of twenty one years, do make and publish this my last will and testament, hereby revoking all other wills by me heretofore made.

"1. I give, devise and bequeath to my sister, Mrs. F. G. Jamison, of Whitesboro, Texas, the sum of One Thousand Dollars ($1,000.00) cash.

"2. I give, devise and bequeath to my sister, Mrs. Florence Bone of Hickorywith, Tennessee, the sum of One Thousand Dollars ($1,000.00) cash.

"3. I give, devise and bequeath to my brother, B. F. Quillin of New Mexico, the sum of One Thousand Dollars ($1,000.00) cash.

"4. I give, devise and bequeath to my brother, Cam C. Quillin of Dallas, Texas, the sum of One Thousand Dollars ($1,000.00) cash.

"5. I give, devise and bequeath to my niece, Frances Byers Ricks of Lubbock, Texas, the sum of Five Hundred Dollars ($500.00) cash.

"6. I give, devise and bequeath to my wife, Laura Quillin in fee, the homestead upon which we now live situated in the town of Nocona, Texas, together with all household and kitchen furniture of whatever nature therein situated, including all printed books, also all automobiles or other means of conveyance that may be on hand at the time of my death, and it is my desire and I direct that, the trustees hereinafter named, shall out of the trust funds hereinafter established in their hands, pay the taxes and maintain insurance upon said homestead.

"7. I give and bequeath to my friends, Gould Whaley and J. S. Wood, both of Nocona, Texas, the remainder of my property, both real and personal upon the following trust: During the life of my wife, Laura Quillin, they shall have the management and control of said property, with the right to sell, transfer and reinvest the same, whether real or personal or choses in action; but out of the revenues derived from said property, they shall pay my wife, the said Laura Quillin, during her lifetime, the sum of One Hundred and Fifty Dollars ($150.00) per month, and which shall be payable on the first day of each month and provided further, that, in the event that revenues from said property are not sufficient for payment of said monthly sum, then and in that event, said Gould Whaley and J. S. Wood, trustees, have authority to encroach upon the principal for that purpose.

"8. It is my further desire and I direct, that, in the event the sum of $150.00, provided for in paragraph hereof number 7, should from any cause prove to be insufficient to maintain my wife in comfort, that the said trustees use their best judgment in the matter and are hereby given power from time to time to increase such allowance.

"9. Upon the death of my wife, the said Laura Quillin, it is my will and I desire and direct, that the property herein bequeathed to my said Trustees Gould Whaley and J. S. Wood, in trust, or what remains thereof, shall be delivered by the said trustees to the brothers and siste of myself surviving me, share and share alike.

"10. It is my will and I desire, that my friends, the said Gould Whaley and J. S. Wood, act as executors of this my last will and testament, and that they have full power and authority to administer and settle my estate independently of the County Court, and that no bond be required of them, and that they act jointly, but in the event of the death of either of them, then in that event, the other as sole executor and that no other action be had in the County Court concerning my estate other than the probate of this will and the return of an inventory and appraisement. "I most sincerely desire and ask my devisees and legatees, in harmony in all things, to aid my executors in carrying out my desires as expressed in this will, and in order if possible to insure this, it is my will and I do now expressly provide and make it a condition precedent to the taking, vesting, receiving or enjoying of any property, benefit or thing whatsoever, under or by virtue of this will, that no such devisee or legatee shall in any manner contest the probate thereof, or question or contest the same, or any part or clause thereof, in any judicial proceeding, and I further will and provide, that, should any such devisee or legatee so contest or question, or in any manner aid in such contest or questioning, he or she shall thereupon lose and forfeit all right to any benefit and all right or title to any property or thing herein directly or indirectly devised or bequeathed to him or her; and every such right or title, property or thing is now, by me expressly given, devised and bequeathed to, and shall thereupon vest in such devisee and legatee herein as do not question or contest, or give aid in such questioning or contest of this will or probate thereof or clause or provision thereof, in the same value in which they otherwise take of my estate under this will.

"Witness my hand this the 6th day of March, A.D.1936. (Signed) C. E. Quillin."

The executors and trustees, having qualified and entered into the discharge of their duties, brought the instant suit for the purpose of having the will construed.

They sought the judgment of the trial court on four matters, namely: whether they had the right and power (1) to execute oil and gas leases; (2) to distribute any of the funds of the estate to the ultimate beneficiaries (remaindermen) prior to the death of the surviving widow; (3) to increase the monthly allowance of $150 to the widow; and (4) to determine whether all of the property standing in the name of the testator at his death was properly in the custody and control of the trustees and subject to the terms of the trust, or whether the widow has a separate and adverse interest therein.

The widow contends that the will does not attempt to dispose of her community interest in the estate and that the fact she does not contest the will, but takes such as is provided for her in the will does not constitute an election on her part to take under the will to the exclusion of her rights in the community estate. She prays for an adjudication of her rights to the community estate.

Two sisters and a brother, named as remaindermen, have answered appropriately, contesting the claims of the surviving widow and praying for a construction of the will as to their respective rights.

The cause being tried to a jury, the trial court gave a peremptory instruction, setting forth by description the properties that constitute the community estate and such as constitute the separate estate of the testator.

Much testimony sought to be introduced on the theory that it sheds light upon the intention of the testator was excluded, and many issues requested by the parties were refused, as well as peremptory instructions for them.

The judgment was rendered at a special term of the court called, as is specifically set forth in the judgment, after notice to all parties.

The judgment finds that the testator's will evidences no intention to dispose of any properties except the testator's separate estate and his interest in the community.

The right of the executors-trustees to manage, control, etc. the estate so devised and to execute oil and gas leases thereon is specifically adjudged, as well as their right and power to pay the surviving widow $150 per month and to increase such allowance, if necessary for her maintenance, even out of the corpus of the estate devised.

Denied the right to the executors-trustees to pay to any remainderman any part of the estate and limited their rights to the payment of the specific bequests made.

Decreed to the widow her interest in the community estate (as found and adjudged) and ordered an accounting as between her and the executors-trustees.

All parties except the widow have appealed from the judgment.

Separate briefs are filed by the various appellants, including "adopting briefs".

The principal contentions are: That the testator intended to dispose of the entire "community" as well as his separate estate, and that the language in the will so discloses such intent, and, if it does not, that the excluded testimony should have been admitted to show the testator's purpose and intent. That, therefore, the executors-trustees have a right to the complete management and control of all such estates, and that the widow, not having repudiated the will, but having acquiesced therein and taken thereunder, has elected and is now estopped from claiming that she is entitled to her one-half of the "community" and also to claim the benefits accorded her under the will.

The established rule in Texas is reannounced in Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, to the effect that if a testator owns a partial interest in lands and the disposal of the lands is the subject of his will, it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will must be construed as evidencing a purpose to dispose of more than his own interest, and only in such event is the co-owner put to an election as to whether or not he will take under the will, because of its conferring upon him, by other provisions, some benefit from the testator's estate which, but for the will, he would not receive.

This authority further reannounces the established rule that the law presumes that no man will attempt to dis-

pose of another's property through the instrumentality of a will; and that the law will deprive no man of his property by conjecture.

Further the established rule is reannounced by this authority that if a will is to be given the effect of an attempted disposition of property that is not owned by the testator, it is a necessary requirement that the language of the will conclusively evidence such a purpose, and that it is not sufficient to say that the will may be construed as revealing this intention; but it is necessary that the will be open to no other construction.

As we construe the will, under discussion, we hold that it comes under the established rules laid down in Avery v. Johnson, supra, and many other cases cited therein and found in our Texas Reports.

We find nothing in the will evidencing an attempt upon the part of the testator to dispose of any property except his separate estate and his interest in the community estate, and we hold further that the surviving wife was not put to an election by the terms of the will. Carroll v. Carroll, 20 Tex. 731, and cases cited; Philleo v. Holliday, 24 Tex. 38, and cases cited; Moss v. Helsley, 60 Tex. 426; Haley v. Gatewood, 74 Tex. 281, 12 S.W. 25.

The case at bar is, in our opinion, easily distinguishable from such cases as Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569; Smith v. Butler, 85 Tex. 126, 19 S.W. 1083; Dakan v. Dakan, 125 Tex. 305, 83 S.W. 2d 620; Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92, and others reviewed in the briefs of both appellants and appellee.

Perhaps the opinion in Baldwin v. Baldwin, supra, is as typical of the authorities relied upon by appellants as any we find in their briefs.

In the Baldwin case it will be observed that the testator specifically deals with all of the community estate by describing the same with a great degree of certainty. It specifically details the properties that constitute the wife's separate estate, declares that all other properties in the testator's name constitute the community interests of the testator and his wife and then specifically places all such under the control of the named executors, one of which is the surviving wife, and specifically disposes of the same.

We find no such situation in the will before us. The only community property dealt with as a whole in the will before us is the homestead, and the testator, being without a child or descendant of a child, specifically bequeathed the homestead to his wife.

Realizing that he was definitely devising his separate estate and his share of the community to his sisters and brother, to the exclusion of his wife, there was nothing more natural than that he should see to it that the homestead was made the property of the surviving wife in fee.

In our opinion, Quillin's will is not one "that is open to no other construction" than that the testator intended to dispose of the entire community estate.

Finding, as we do, that under this will the widow was not put to an election, it follows that the testimony sought to be introduced to show the testator's intent was properly excluded.

Indeed, in Sailer v. Furche, 22 S.W.2d 1065, 1068, the Commission of Appeals said: "The rule seems to be thoroughly established that if a will is ambiguous as to the intention of the testator in this respect [meaning whether or not the testator intended to dispose of the entire community instead of merely his interest therein], then it should be given the construction that only the interest owned by him was intended to pass under its terms." The opinion quotes Mr. Chief Justice Stayton in Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569, 570, wherein it is said: "Were the terms of the will ambiguous, the testator would be presumed to have intended to devise only his interest in the" property.

See, also, Schelb v. Sparenberg, 133 Tex. 17, 124 S.W.2d 322, opinion by Mr. Justice Critz.

We find no ambiguity in the will before us, and the parol testimony offered to show the testator's intention was not admissible. Haupt v. Michaelis, Tex.Com. App., 231 S.W. 706; Hagood v. Hagood, Tex.Civ.App., 186 S.W. 220, writ refused.

We find that the trial court properly called the special term of court at which this cause was tried. Article 1920, Rev.Civ. Statutes of Texas.

Finding no error, all assignments of error are overruled, and the judgment is affirmed.