POPE et al. v. POPE et al.

No. 14567.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 29, 1943.

Dick Holt and Curtis E. Hill, both of Dallas, for appellants.

Cedric G. Hamlin and Strasburger, Price, Holland, Kelton & Miller, all of Dallas, for appellees.

McDONALD, Chief Justice.

This suit concerns the will of Fletcher B. Pope, deceased, a resident of McKinney, Texas. Mr. Pope's estate consisted in part of his separate property, and in part of his interest in the community property of himself and his wife, Mrs. Helen Louise Pope, who survived him. The total value of the separate and the community property is in excess of five hundred thousand dollars. In 1935 Mr. Pope executed a will, prepared by his attorney, and in 1941 he executed a codicil to the will. Other issues were involved in the trial court, but the only issue involved on this appeal is whether the terms of the will required an election on the part of the widow, Mrs. Helen Louise Pope, either to claim under the will and renounce her claims to the community estate, or to claim her interest in the community, and her rights in the exempt property, and renounce her claims under the will. It is conceded that Mrs. Pope has elected to take under the will, if an election was required of her. The judgment of the trial court was, in effect, that Mrs. Pope was not put to an election, and that she had the right both to claim her share of the community, and to claim under the will. In our opinion the judgment of the trial court was correct.

We shall describe the portions of Mr. Pope's will which are material to the question before us.

Paragraph I contains the usual direction to the executors to pay debts. Paragraph II of the will provides: "I give and bequeath to my beloved wife, Helen Louise Pope, all of my household goods and furniture, such as beds, bedding, chairs, tables, kitchen furniture, carpets, rugs, silverware, plated ware, and china ware; also, my automobile or automobiles, music and musical instruments, library, pictures and paintings, and all of my personal jewelry, such as rings, studs, diamonds, and my watch and chain."

Paragraph III of the will begins as follows:

"I will, devise and bequeath all of my property, real, personal and mixed, or every kind and character, except that given my beloved wife, in paragraph 'II' above, as follows, to-wit:

"(a) A thirty-three one hundredths (33/100) interest to my beloved wife, Helen Louise Pope, absolutely in fee simple;"

Following this are sixteen more subsections of Paragraph III, designated, respectively, as (b) through (q), containing the same language as that contained in subsection (a), except that in each a different beneficiary is named, and except that the interest given to each beneficiary is either two one-hundreths, or three one-hundredths. The interests so bequeathed in these subsections to the beneficiaries other than Mrs. Pope total thirty-four one hundredths.

Paragraph IV begins as follows:

"I hereby give, devise and bequeath a thirty-three one hundredths (33/100) interest of my entire estate, real, personal and mixed, of every character and kind, except that bequeathed my beloved wife in Paragraph 'II' hereof, unto my beloved wife, Helen Louise Pope, as Executor and Trustee, and her successors in this trust, in trust, for the use and benefit of my beloved daughter, Sandra Louise Pope (subject to the limitations, conditions and

trusts hereinafter more fully set out) * * *." It is unnecessary to set out the further provisions of this paragraph.

Helen Louise Pope and John W. Pope, Sr., a brother of the testator, are appointed independent executors.

On April 12, 1941, Mr. Pope executed a codicil to the will, which, omitting the formal parts, reads as follows: "I bequeath my personal belongings to Helen Louise Pope consisting of my home on Blk 32, City of McKinney and our lake home; all diamonds and jewelry to go to Helen Louise Pope, my wife and Sandra Louise Pope my daughter and to be divided equally between them."

The home in McKinney was the separate property of Mr. Pope. The lake home was the community property of himself and Helen Louise Pope.

The appellants here, who complain of the judgment rendered below, are some of the beneficiaries named in the will, other than Mrs. Helen Louise Pope and the daughter Sandra Louise Pope. They contend that the terms of the will require an election on the part of Mrs. Pope, on these grounds: (1) Since the testator in his will gave to the wife the home and other exempt property in which the daughter, who is still a minor, has certain rights, he attempted to dispose of property in which the minor daughter had an interest. This imposes upon the daughter the duty of electing whether to take under the will or to take the rights secured to her by law. This, in turn, imposes upon the widow the duty of making an election. (2) The will disposes of all the property, whether separate or community, on a percentage basis. This takes from the widow some of the separate property which she would inherit, and a portion of her interest in the community, but the will handsomely reimburses her therefor. No settlement of the estate of the testator can effect the real intent of the testator unless the widow be required to elect to claim under the will only, or else renounce her claims under the will.

This court had occasion to consider questions similar to those presented in the present case, in Whaley v. Quillin, Tex.Civ.App., 153 S.W.2d 969, writ of error refused. What we there said is applicable here. If a testator owns a partial interest in lands and the disposal of the lands is the subject of the will, it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will must be construed as evidencing a purpose to dispose of more than his own interest. If a will is to be given the effect of an attempted disposition of property that is not owned by the testator, it is a necessary requirement that the language of the will conclusively evidence such a purpose, and it is not sufficient to say that the will may be construed as revealing this intention. It is necessary that the will be open to no other construction. The law presumes that no man will attempt to dispose of another's property through the instrumentality of a will; and the law will deprive no man of his property by conjecture. Our opinion in the Whaley v. Quillin case rests primarily upon Avery v. Johnson, 108 Tex. 294, 192 S.W. 542. We also quoted from Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569, as follows: " 'Were the terms of the will ambiguous, the testator would be presumed to have intended to devise only his interest in the' property." [153 S.W.2d 972.] While we find no ambiguity in Mr. Pope's will, if there were one, we should have to apply the rule just stated.

It cannot be said that Mr. Pope's will, as first written, reveals by clear and unequivocal language a purpose to treat and dispose of the community property as his own, or to deprive the wife of any of her rights in the exempt property. An election is not required of her just because the will leaves her less than she might have received in the absence of a will under the laws of descent and distribution. It is settled that the use of such language as "my" property, or "my estate", or "all my property, real, personal, and mixed", does not indicate a purpose to dispose of the wife's interest in the community estate. Nor does the codicil reveal by clear and unequivocal language a purpose to deprive her of her interest in the property mentioned in the codicil.

Appellants urge that the case on appeal may be distinguished from Avery v. Johnson and like cases because of the manner in which the language of the will affects the rights of the minor daughter. They argue that the will deprives the minor of her rights in the exempt property, that the effect of such is to put the minor to an election, and that if the widow be allowed to claim both her community property rights and the benefits accruing to her under the will,

the minor's free right of electing as to how she shall take will be defeated.

A flaw in the argument made by appellants is this: If the widow is put to an election, and does elect to claim under the will alone, there will be the same so-called inconsistency as there would be if *the widow were not required to make an election*. It is not logical to say that the widow must make an election which would not be effective. It would not be fair to the minor to accord to the widow the right of election, if the widow's election could serve to defeat the minor's right of election. It seems to us that a rule of law must not be applicable which cannot be applied to the case.

From such cases as Hall v. Fields, 81 Tex. 553, 17 S.W. 82, it appears that a father cannot defeat the rights of minor children with respect to exempt property by resorting to a testamentary disposition of the exempt property. But if we concede for the sake of argument that the operation of this rule imposes upon the minor the duty of electing to take under the will, or to renounce it and claim her statutory rights, it does not necessarily follow that an election is imposed upon the widow. If the daughter should elect to renounce her claims under the will, and claim only her statutory rights in the exempt property, this would not of itself defeat the right of the widow to claim her share of the community property, and also under the will. At most it could only mean that the widow would have to recognize the rights of the daughter in the exempt property, and that, when those rights had terminated by operation of law, as by the minor becoming of age, or marrying, the full, unencumbered title to the property would then be in the widow.

To approach the question from another angle: Suppose the widow is required to elect, and does elect, to claim under the will. This could not serve to cut off any lawful claims which the daughter would have with respect to the exempt property, should the daughter elect to claim those rights in preference to the benefits provided for her in the will.

For reasons which have already been suggested, it is immaterial to the question at issue that the will leaves the daughter less than she might have received under the laws of descent and distribution. That fact would not impose an election upon either the minor or the widow.

Appellants rely upon Woolley v. Sullivan, 92 Tex. 28, 45 S.W. 377, on rehearing, 92 Tex. 28, 46 S.W. 629, and Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633. Woolley v. Sullivan is consistent with Hall v. Fields, supra, but does not touch upon the question here presented, which is whether provisions of the will which might be construed as imposing an election upon the minor must of themselves impose an election upon the widow. Lindsley v. Lindsley is not inconsistent with what we have said. It simply does not reach the question which we have to decide. Appellants have not cited any case, nor have we found one, which imposes an election upon the widow simply because an election is imposed upon the minor.

It is not necessary, under the points of error presented in the brief, for us to decide whether the minor was put to an election, or what rights she has in any event with respect to the exempt property which passed to the widow under the will.

The judgment of the trial court is affirmed.