**OTTENHOUSE et al. v. PAYSINGER et al.**

No. 12344.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 12, 1951.

Rehearing Denied Jan. 9, 1952.

Russell B. Wine, San Antonio, for appellants.

Crawford & Crawford, Crystal City, Murray G. Smyth, Houston, for appellee.

NORVELL, Justice.

The question presented by this case is whether or not the will of William Ottenhouse, deceased, required an election on the part of his wife, Kate Ottenhouse, to take under the will or receive her one-half of the community estate.

W. H. Paysinger, independent executor of the estate of Kate Ottenhouse, instituted this suit for the purpose of securing a construction of the will of William Ottenhouse. The San Antonio Loan and Trust Company was designated as executor and trustee under the will and Mrs. Kate Ottenhouse had authorized the trust company to handle her property during her lifetime. The trust company is a disinterested party in this litigation and the contest is between certain nieces and nephews of William Ottenhouse, who claim that which was originally the community interest of Kate Ottenhouse as well as the community interest of William Ottenhouse. The executor and beneficiaries under the will of Kate Ottenhouse claim her community interest. Judgment was rendered for Paysinger as executor and, upon request, findings of fact and conclusions of law were filed.

William Ottenhouse executed the will in controversy on July 21, 1926. He died at the age of 83, on January 18, 1932. All of his property was community property belonging to him and his wife, Kate Ottenhouse, who died at the age of 92, in July, 1950. The couple left no lineal descendants.

The testamentary declaration probated as the last will and testament of William Ottenhouse (omitting a codicil and the formal parts of the will which are not material here) reads as follows:

"(1) I desire and direct that my body be buried in a decent and Christian-like manner, suitable to my circumstances and condition in life.

"(2) I desire and direct that my just debts, if any, and the expenses of my fu-

neral, be paid out of *my estate* without delay, by my executors hereinafter appointed.

"(3) I hereby constitute and appoint The San Antonio Loan and Trust Company, of San Antonio, Texas, as executor of this, my last will and testament, and as trustee of *my estate,* and I hereby provide and stipulate that said Company shall hold the corpus of the property, belonging to *my estate,* in trust for twenty years after my death, or until my wife's death, should she live longer than twenty years after my death, with power, and it is hereby made the duty of said executor and trustee, to reinvest, to the best advantage, any securities, belonging to *my said estate,* maturing and collected during said period of time, and with power to collect and pay out the income of *my estate* as hereinafter provided.

"(4) It is my will that the income of *my estate* be used and expended by my said executor and trustee, first, to keep up the property belonging to the estate, and second, the remainder of such income, after payment of taxes and all other expenses to keep up the said property, to be paid to my beloved wife, Kate Ottenhouse, during the term of her natural life.

"(5) It is my will that after the expiration of said twenty years, or after the death of my wife, should she live longer, *my estate* shall descend to and vest in my nephews and nieces, then living, share and share alike, with like shares to the descendants of each of my nephews and nieces now or then deceased.

"(6) *All of the property of myself and wife being community and owned by us jointly,* and believing that it will be to the best interest of my said wife, it is my desire and I hereby direct that my executor and the trustee of *my estate,* hereinbefore appointed, take charge, also of *her part* of *the real estate* belonging to said community, and to manage the same to the best advantage, *in like manner* as that part belonging to *my estate,* and in this connection I suggest and direct that in leasing or renting out the property *belonging to her and to my estate,* no preference right shall ever be given to any person or persons to lease or rent the same, but that in each instance the highest and best possible rental be obtained for the same." (Italics supplied.)

The trial judge concluded as a matter of law:

"That William Ottenhouse by his Will disposed of only his one-half of the community property of himself and his wife, Kate Ottenhouse, and did not dispose of the one-half community interest of his wife, Kate Ottenhouse.

"That said Kate Ottenhouse was not put to an election under the will of William Ottenhouse, and that she had the right to retain her half interest in the community and also to receive the income from her deceased husband's half interest in the community.

"That William Ottenhouse by his Will gave Kate Ottenhouse the entire income from his one half of the community property for the life of Kate Ottenhouse, and the said Kate Ottenhouse not being required to elect to take under the Will of William Ottenhouse, was entitled to all of such income paid her by the San Antonio Loan & Trust Company, and that the Estate of William Ottenhouse is not entitled to recover, as a matter of law, any part thereof."

In our opinion the trial court's conclusions are correct. It is well settled in this State that where a testator owns a partial interest in property an intention to treat and dispose of the whole property rather than the testator's interest therein only, must be shown by clear and unequivocal language in the will. The presumption is that a testator intends to dispose of only such interest as he may have in the property. Avery v. Johnson, 108 Tex. 294, 192 S.W. 542; Sailer v. Furche, Tex.Com.App., 22 S.W.2d 1065; Crosson v. Dwyer, 9 Tex. Civ.App., 482, 30 S.W. 929; Hocker v. Piper, Tex.Civ.App., 2 S.W.2d 997; Whaley v. Quillin, Tex.Civ.App., 153 S.W.2d 969; Pope v. Pope, Tex.Civ.App., 175 S. W.2d 289; Ford v. Bachman, Tex.Civ.App., 203 S.W.2d 630; 44 Tex.Jur. 736, Wills, § 171.

A reading of the will discloses that William Ottenhouse, the testator, used the term, "my estate" as referring to his indi-

vidual interest in the community rather than to designate the entire estate owned by him and his wife. This is made clear by the wording of Paragraph (6) of the will, in which a distinction is made between property belonging to the testator and described as "my estate" and the property of the wife, which is referred to as "property belonging to her." This circumstance, coupled with the declaration that all of the property of the testator and his wife is community property, and the reference to the wife's land as being "her part of the real estate belonging to said community" precludes acceptance of the contention that the testator by his will intended to dispose of all of the community estate owned by him and his wife.

The judgment appealed from is affirmed.